HENDERSON v. WILLIAM MOORS CONCRETE PRODUCTS, INC.

1. NEGLIGENCE—PILE OF CINDER BLOCKS—QUESTION FOR JURY.

Question of defendant cinder block supplier's negligence in failing to level sandy ground preparatory to piling blocks at construction job and in the manner and height to which the blocks were piled *held*, for jury, under testimony presented by construction contractor's employee in action for injuries received when last row of blocks toppled over onto him after he had removed most of other rows.

2. EVIDENCE—PRESUMPTIONS—INFERENCES.

Whether or not a pile of cinder blocks had been negligently piled by defendant's deliveryman some 4 days before plaintiff was injured when last row of blocks fell on him as he was removing blocks from next to last row was a matter of inference, not presumption, from testimony presented as to condition of support for the pile as it existed some 4 days after pile had been made.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—REMOVAL OF PILE OF CINDER BLOCKS—QUESTION FOR JURY—EVIDENCE.

Whether or not plaintiff, construction contractor's employee, was guilty of contributory negligence, when injured as last of 3

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 38 Am Jur, Negligence § 141.
[3] 38 Am Jur, Negligence § 348.

rows of cinder blocks which had been piled 11 blocks high fell on him as he was removing next to last row, *held*, a question of fact for the jury under evidence presented as to manner of removal of blocks from such piles.

Appeal from Wayne; Maher (Thomas F.), J. Submitted June 3, 1958. (Docket No. 5, Calendar No. 47,564.) Decided September 9, 1958.

Case by Dave Henderson against William Moors Concrete Products, Inc., a Michigan corporation, for injuries sustained on construction job when stock pile of cinder building blocks fell. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Goodman, Crockett, Eden & Robb* (*Ernest Goodman,* of counsel), for plaintiff.

*Alexander, Chollete, Buchanan, Perkins & Conklin* (*Robert E. Fox,* of counsel), for defendant.

DETHMERS, C. J. Defendant, acting through its employee, Charles Johns, delivered a load of cinder blocks to a site where plaintiff's employer, a contractor, was erecting a house. The blocks measured 12 by 16 by 8 inches and weighed 45 pounds each. At the contractor's request, Johns took a shovel, leveled an area of earth which was sandy, placed on it a number of planks, 2 inches thick and 8 or 10 inches wide, in 4 parallel and contiguous rows and piled the blocks on the planks. The blocks were stacked in 3 rows. The center row straddled the joint between the 2 center planks and a row of blocks on each side thereof covered the joint between one of the center and one of the outer row of planks. The 3 rows of blocks touched and apparently supported each other. They were stacked 10 and 11 blocks high. Johns knew that it had rained shortly before,

as it did again after, the delivery. There was testimony that Johns usually stacked blocks in 4 rows to a height of not more than 8 blocks and that, so stacked, there is less danger of their falling; that a ditch at one end and another pile of blocks at the other end made it difficult, if not impossible, to remove blocks from either end of the 3 stacks in question. Plaintiff was employed to remove blocks from the piles and make them available to masons constructing the basement wall. Four days after date of delivery he removed the first of the 3 rows, nearest the basement. Then he removed all of the center row, except for 3 blocks, and, while reaching down for one of these, the third, or farthest and only remaining row of blocks, collapsed, fell upon plaintiff and caused him injuries. Plaintiff testified that after he was injured, and while lying on the ground, he observed that the 2 rows of planks, upon which the farthest row of blocks had rested before collapsing, as well as the others, were on uneven ground, and that of those 2 rows of planks the one nearest him was about 1 inch lower than the one just beyond it. Suit is for plaintiff's resultant damages.

The court below granted defendant's motion for a directed verdict on the grounds that plaintiff had failed to show negligence on defendant's part which was a proximate cause of plaintiff's injuries and plaintiff's freedom from contributory negligence. Plaintiff appeals, contending that the case presented a question of fact for the jury as to those matters.

There can be no doubt that if the collapse of the pile of blocks was due to Johns' negligence the latter was a proximate cause of plaintiff's injury. Testimony, although disputed, that stacking the blocks 10 and 11, rather than only 8, high was contrary to the usual practice; that the higher stacking increased the danger of their falling; that the rows of planks upon which the blocks were piled stood

on uneven ground with one row 1 inch lower than the one beyond it; that it was Johns' duty to level the ground, place the planks evenly and pile the blocks so that they would not constitute a hazard; that Johns knew the soil was sandy and that it had just rained; all gave rise to a question of fact as to whether Johns was guilty of negligence in stacking the blocks as high as he did and in a manner so that they could not be removed from one end of the pile and whether he negligently failed to level the ground sufficiently or to place the planks at an even height or placed them on wet sand and whether he should have known that this might result in their failing to maintain their original level after the weight of the blocks was superimposed. Accordingly, we think the court erred in finding that, as a matter of law, there was no proof of defendant's negligence which was a proximate cause of plaintiff's injuries.

Defendant says that from the fact that the 2 rows of planks were not level on the day of accident an inference may not be drawn that they were uneven 4 days earlier when the blocks were delivered. In this connection it cites 20 Am Jur, Evidence, §§ 158, 210, for the proposition that a presumption of continued existence of a state of things is prospective and not retrospective. It also cites *Blank* v. *Township of Livonia,* 79 Mich 1, in which this Court said that there was no presumption, merely because a wooden stringer of a bridge was defective from dry rot on a given date, that it was equally thus defective 7 months earlier when it had been inspected and the defect, so plaintiff contended, should have been discovered. Whatever the construction to be placed on our dicta in that case on the subject of presumption, it is inapplicable here where the problem is not one of presumption but of inference. We are

satisfied to hold now that from the fact that the planks were uneven on the date of accident it would not be unreasonable to infer that they were equally so 4 days earlier when the blocks were placed thereon. It would have been entirely competent and reasonable for the jury to have drawn such inference. As for *Otto* v. *Hansen Wholesale Lumber Corp.*, 331 Mich 37, relied on by defendant, in which this Court said that the negligence of the defendant owner of a pile of lumber is not shown by the mere fact that it fell and injured plaintiff, there having been no proofs with respect to such negligence, the case is not controlling in the instant case, in which the testimony establishes not only the collapse of the pile of blocks, but also extends to the manner of their being piled by Johns so as to give rise to a question of fact as to whether he was negligent in piling them as he did.

Plaintiff testified that in his 7 years of doing the kind of work in question, he had never removed blocks from a stack in a different manner than he did in this case, that is to say, one row at a time, and that never before had a pile of blocks fallen down while he was so removing blocks therefrom. There was evidence that, because of the manner in which Johns had stacked them, it would have been difficult, if not impossible, for plaintiff to remove blocks from the 3 rows evenly by commencing at one end, and plaintiff testified that he could not have removed them other than in the manner he did. This is sufficient, in answer to defendant's contention that plaintiff should have known that removal of the 2 rows would have left the third row unsupported and likely to fall, at least to make the question of plaintiff's contributory negligence, in that respect, one of fact for the jury.

Judgment for defendant reversed and cause remanded for new trial. Costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER,. and KAVANAGH, JJ., concurred.