RICKELS v. ISABELLA ROAD COMMISSION.

1. APPEAL AND ERROR—NONJURY CASES—QUESTION OF FACT—PREPONDERANCE OF EVIDENCE.

    The Supreme Court does not substitute its judgment on questions of fact in a nonjury case unless the evidence clearly preponderates in the opposite direction.

2. HIGHWAYS AND STREETS—ACCESS TO LAKE—EVIDENCE.

    Findings of trial court in action relative to roadway to edge of lake that there was not a public road along the section line for some 375' east from the lake are not disturbed on appeal in view of evidence adduced on the trial and view of premises had by the trial court.

3. APPEAL AND ERROR—FINDINGS BY TRIAL COURT—NONJURY CASE—TRANSFER OF CAUSES—EQUITY—EVIDENCE.

    Whether a trial judge has made his findings of fact in an action at law, or as chancellor after transferring case to equity *held*, of no consequence, where there was ample evidence and a view of the premises involved in dispute as to existence of right-of-way for public highway to support his conclusion (CL 1948, § 611.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 2, 11, 17.
[2] 4 Am Jur 2d, Appeal and Error § 492.
[3] 4 Am Jur 2d, Appeal and Error §§ 492, 609, 822.

Appeal from Isabella; Holbrook (Donald E.), J. Submitted October 6, 1964. (Calendar No. 6, Docket No. 50, 433.) Decided May 10, 1965.

Ejectment by Rhoda E. Rickels against Isabella County Road Commission to obtain possession of lands leading to lake. Case continued in chancery. Decree for plaintiff. Defendant appeals. Affirmed.

*Donald E. Holbrook, Jr.,* for plaintiff.

*Cotter, Janes & Cotter (Gerald J. Cotter* and *Paul F. O'Connell,* of counsel), for defendant.

PER CURIAM. This is an appeal from an order denying an application for rehearing. The action was begun in ejectment and transferred by the trial judge *sua sponte* to the chancery side of the court. The case involves the claim of defendant county road commission that it established a public road along a section line in the concerned township in Isabella county. The road proceeds west from a point where, it is conceded by both parties, it, in fact, exists and extends to the water's edge of Littlefield lake. Plaintiff asserts fee title to the westerly 375 feet of the claimed road. The suit was started when defendant-commission refused to approve a plat submitted by plaintiff-appellee. The commission asserted a right-of-way 33 feet wide running to the water's edge.

Appellee's fee title is not challenged. The question is the existence of the claimed highway right-of-way. Appellant alleges error in respect to the trial court's findings of fact and the transfer of the case on the court's own motion to chancery.

Two principles of law are here involved. The first is the conclusiveness of the findings of fact of the trial chancellor. The second is the right of the trial court to transfer any action from law to chan-

cery in his discretion when in his view the ends
of justice so demand. The first principle has been
judicially enunciated both as to law and chancery
cases times without number. Representative of these
holdings is the holding in *Insealator, Inc.*, v. *Wallace,*
357 Mich 233, at p 248:

"As has been stated by this Court so many times,
this Court does not substitute its judgment on ques-
tions of fact in a *nonjury* case unless the evidence
clearly preponderates in the opposite direction."
(Emphasis supplied.)

We would benefit little the trial courts or the
profession in restating the detailed findings of
fact of the able trial judge. They were copious, care-
ful, and complete. To the extent they are decisional-
ly essential, we adopt them and set them out:

"There is no dispute concerning the laying out, es-
tablishment, use, and the fact that a county road
exists and has existed for many years between the
northeast corner of section 22 and directly west to
the northwest corner of section 21. From there on
west there is a contest concerning the same. * * *
"The evidence conclusively shows that there is not
now a road between sections 17 and 18 to the water's
edge on the north side, or south side, of said lake, nor
is there a road to the water's edge on the west side
of Littlefield lake on the section line between sections
17 and 20. * * *
"Now, the road that this court finds was used for
many years and the county expended money thereon,
between sections 17 and 20 since in the late 1930's was
from the northeast corner of section 20, going west-
erly to a point approximately 400 feet east from the
lake. That at this point it ends, and a private road
proceeds in a southwesterly direction, providing ac-
cess to the several lots that have been sold south of
the section line. * * *
"Now, plaintiff's exhibit 13, which is certified by
Alva Cummins, chairman of the Isabella county road

commission, February 20, 1959, shows the road extending for 0.50 miles to the water's edge. Of course, none of these times was a road in existence for that last 375 feet to the water's edge. The true facts appear in the certifications for 1941 through 1958. The defendant road commission does not claim that they at any time worked on this 375-foot disputed area, either north or south of the section line.   * * *

"The court might state in its opinion that it has during the trial taken testimony at the scene where the disputed area is located, together with the surrounding area and made a proper observation of what was there to be seen.

"For the reasons above re-enumerated, the court finds that the plaintiff is entitled to relief   * * * . The defendant will be restrained from using said property for any use whatsoever."

Between the foregoing excerpts were additional refinements and delineations of the disputed fact issues. For detailed reference, if needed, reference may be had to Judge Holbrook's full opinion.

We find no basis in law or in fact to disturb his findings and holding.

As to the second assignment of error, the court's transfer of the litigation to equity, it should be clearly understood that no jury was demanded in the original law action. We cannot see how appellant, under these circumstances, could possibly have been prejudiced. Whether Judge Holbrook made his findings as chancellor or trial judge in this context is of no consequence. In appellant's claim that the transfer to equity "broadened the concept" of the litigation and exceeded the scope of pleadings, we find no merit. In the interests of justice, the judge could have permitted amendments to the pleadings to conform to the proof. The statute* controlling at the time of trial was specific and conclusive:

---

* CL 1948, § 611.2 (Stat Ann § 27.652).

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it *shall* be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential." (Emphasis supplied.)

The order denying rehearing is affirmed. Costs to appellee.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.