MODZEL *v.* NORWALK TRUCK LINES.

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

Where defendant's motions for directed verdict and for judgment *non obstante veredicto* were denied in personal injury action and it appeals, the testimony is reviewed in the light most favorable to plaintiff.

2. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — STEPPING BETWEEN TRUCK AND LOADING DOCK.

Shipping clerk who stepped between rear end of truck and loading dock as loading was completed and who was crushed when the truck rolled back of its own weight as the brake and clutch were released *held,* guilty of contributory negligence proximately causing his injury, since he stepped into a place of danger unnecessarily and without the proper regard that an ordinarily prudent man would have for his own safety.

3. SAME—INATTENTION TO A KNOWN DANGER.

Momentary forgetfulness of or inattention to a known danger may, and usually does, amount to negligence.

4. SAME—VOLUNTARILY PLACING ONESELF IN DANGER.

One who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous, cannot recover for the ensuing injury.

Appeal from Wayne; Maher (Thomas F.), J. Submitted June 8, 1949. (Docket No. 10, Calendar No. 44,395.) Decided October 10, 1949. Rehearing denied December 8, 1949.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, § 947.
[2] 5 Am Jur, Automobiles, § 463.
[2] Liability for damage or injury while automobile is being backed.  67 ALR 647, 667; 118 ALR 242, 258.
[3] 38 Am Jur, Negligence, § 187.
[4] 38 Am Jur, Negligence, §§ 182, 184, 189.

Case by Benjamin Modzel against Norwalk Truck Lines, a foreign corporation, for personal injuries sustained when defendant's truck backed into him. Verdict and judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*G. Norman Gilmore,* for plaintiff.

*Vandeveer & Haggerty,* for defendant.

Boyles, J. Plaintiff sued for damages resulting from personal injury claimed to have been caused by the negligence of defendant's driver in the operation of one of defendant's trucks. The case was tried by jury, resulting in verdict of $12,500 for plaintiff. At the close of plaintiff's testimony and again at the close of all the testimony, the defendant moved for a directed verdict, decision being reserved by the court. After verdict the above motions were denied, whereupon the defendant moved for judgment *non obstante veredicto,* and also for a new trial, which motions were also denied. The defendant appeals.

Under the above circumstances we review the testimony in the light most favorable to the plaintiff. The essential claim of the defendant in the trial court was, and still is, that the plaintiff failed to prove negligence of the defendant, and failed to prove that the plaintiff was free from contributory negligence. The most serious question presented here is whether the testimony was sufficient to have presented a question of fact, to be submitted to the jury, as to whether plaintiff was free from any contributory negligence which was a proximate cause of the injury. For the purpose of considering that question we assume, for the moment, that the proofs were sufficient to present an issue of fact as to the defendant's negligence.

The accident occurred on the private property of plaintiff's employer, the International Detrola Corporation, in Detroit, where plaintiff was the shipping clerk. His work was to take care of orders, have them properly billed out, call in trucks to pick up shipments, and to direct the operations of other employees in the proper loading out and removal of the same. His immediate superior was one Arthur Traver to whom reference will be made later. Plaintiff had worked for this same employer for nearly 12 years. He had been a truck driver since 1922, and had driven a truck for this same employer for 5 years previous to taking over his present work as shipping clerk in 1942. At the time of the accident he was 41 years of age, had good eyesight and hearing. He was completely familiar with the condition of his employer's property at the place where the accident occurred.

On July 11, 1946, he had an order to ship out certain articles but was delayed in being able to obtain a truck for the shipment. After he had "punched out" for the day he had occasion to pass his employer's place of business on the way home about 7:30 p.m., observed a gate open and knew there must be a truck inside. He went in, found a Norwalk truck backed up to an open door leading into the shipping room, and saw men loading the truck. He went into the space between the rear end of the truck and the brick wall of the loading dock from which the open door led into the shipping room. Plaintiff's witnesses testified that the truck was backed up to within approximately 18 inches to 2½ feet from the brick wall, with the endgate down. The open door of the loading dock was about on a level with the bed of the truck. Plaintiff had stood in that space between the back of the truck and the brick wall only a few minutes with his back to the truck, facing the open door, when he was injured by the truck rolling back

and catching him between the rear end of the truck and the brick wall. When plaintiff entered this narrow space his "boss," Mr. Traver, was inside the shipping room doing plaintiff's work of sending out the shipment. Other employees who were present, together with the driver of the truck, had been loading out the shipment and this work was almost, if not entirely, completed when plaintiff first entered the narrow space. Plaintiff entered into conversation with Mr. Traver, but apparently the work was done and plaintiff did not perform any of his usual duties. After the work was completed the truck driver returned to his seat in the truck, released the brake and the clutch, but had not started the motor when the truck rolled backward and plaintiff was caught between the truck and the wall. He sustained serious injuries and was hospitalized, but later returned to the same work at higher wages.

Paralleling the loading dock was a railroad track and 4 rails (for a switch track), with the inner rail at a distance of about 6 feet from the brick wall of the dock. The rear wheels of the truck backing up to the dock either had to cross or stop on or very near this inner track rail. It was about 4 inches higher than the ground. The driver of defendant's truck, in backing up to the dock, had been directed by another employee of plaintiff's employer how far to back up and when to stop. When the employee (one Wells) called "stop," the driver set his emergency brake and left the truck in gear. When the brake and clutch were released the truck rolled back of its own weight while plaintiff was standing between the rear of the truck and the brick wall, with his back to the truck.

The testimony of plaintiff's witnesses fairly establishes that the loading had been completed at about the time when the plaintiff went in between the truck and the wall. There remained only the work of re-

ceipting for the shipment. Plaintiff's superior, Mr. Traver, and another employee were inside the door and one or both were in conversation with plaintiff while he stood there, until the truck rolled back. Plaintiff claims he did not, at any time, see the driver of the truck, although finally admitting that the driver must have completed his work and returned to his seat in the truck before it rolled back. Other witnesses for the plaintiff testified to the presence of the truck driver while the truck was being loaded, and while plaintiff was between the truck and the brick wall. There was testimony as to plaintiff's concern when told that Mr. Traver, his superior, was inside, that he was "excited" because of the presence of Mr. Traver, and his doing plaintiff's work in connection with the shipment. Plaintiff was supposed to have obtained a truck to send out the shipment sometime that day. One of plaintiff's witnesses testified that he heard an employee call to plaintiff to get out from behind the truck. There were at least 3 other places where plaintiff could have been, to see about the work or to converse with Mr. Traver and other employees, besides going in between the back of the truck and the wall. He admitted that he could have stood at either side of the truck, or could have gone up into the loading dock. It appears that while he was there he did not do any of the work, sending out the shipment. It was done by Mr. Traver.

Disregarding entirely the testimony of the truck driver, who claimed that he told plaintiff to move out from his place between the truck and the wall, plaintiff's lack of recollection in his testimony as to essential details, and the positive testimony of his witnesses, convinces us that he went into a place of obvious danger unnecessarily and without the proper regard that an ordinarily prudent man would have for his own safety. He remained there, oblivious of

the fact that the rear wheels of the truck might be stopped on the rail, or on an incline which might cause the truck to roll backward. He knew, or should have known, that the driver was about to move the truck when the loading was done. He was entirely familiar with the surroundings, and familiar with the operation of trucks. Possibly his concern at finding his superior doing his work may have been the cause of his failure to take ordinary caution for his own safety. There is no evidence that it was necessary or customary for plaintiff or any other employee of the company to stop or remain where plaintiff stood when he was injured. On the contrary, one of plaintiff's witnesses testified that it would be dangerous to be between the end of the truck and the dock if the rear wheels were stopped on the rails. Plaintiff stopped and remained in a position of danger without regard for his own safety. He chose a place which he knew or should have known was a place of danger, and was guilty of contributory negligence which was a proximate cause of his injury.

"(2) One who knows or in the exercise of ordinary care should have known the existence of danger from which injury might reasonably be anticipated and who by his voluntary acts or omissions exposes himself to such danger is guilty of negligence, if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved. (3) Momentary forgetfulness of or inattention to a known danger may, and usually does, amount to negligence." *Rice* v. *Goodspeed Real Estate Co.*, 254 Mich 49.

"One who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous, cannot recover for the ensuing injury." *Cadagan* v. *Great Atlantic & Pacific Tea Co.* (syllabus), 298 Mich 207.

"Fact that plaintiff was only 18 years of age *held*, insufficient to make question of his contributory negligence one of fact for the jury in his action for injuries sustained when he placed himself in front of car being driven onto hoist at gasoline station where he had worked for over a year and knew that a car with defective brakes might not stop at the end of the hoist." *Dulemba* v. *Tribble* (syllabus), 325 Mich 143.

Reversed and remanded for entry of judgment for defendant, with costs.

Sharpe, C. J., and Bushnell, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.