OTTO *v.* HANSEN WHOLESALE LUMBER CORPORATION.

1. NEGLIGENCE—SAFE PLACE TO WORK—ASSUMED RISK—MASTER AND SERVANT.

   The questions of whether or not plaintiff invitee was furnished a safe place to work and whether or not he assumed any risk in connection with transferring lumber from a pile in defendant lumber company's yard to his truck is not involved in his action for injuries sustained when lumber from a nearby pile fell upon him as neither the relation of employer and employee nor that of master and servant existed.

2. SAME—INVITEES.

   An invitee upon premises is not entitled to go to jury as to his right to recover damages from the owner of the premises for personal injuries sustained thereon unless he can show some negligent act or omission for which the owner was responsible.

3. SAME—PLEADING—BURDEN OF PROOF.

   An invitee has the burden of establishing the negligence of the owner where allegations setting forth latter's claimed negligence are denied in its answer.

4. SAME—ACCIDENT—EVIDENCE—RES IPSA LOQUITUR.

   Proof of an accident alone is not sufficient to sustain a plaintiff's burden of proof in an action for negligent injuries in this State, as the rule of *res ipsa loquitur* is not followed in this jurisdiction.

5. SAME—EVIDENCE—RES IPSA LOQUITUR.

   Plaintiff's testimony that lumber will not fall from a properly stacked pile was not competent testimony tending to prove that the falling of pile onto him was proximately caused by negligence of defendant lumber company but merely an attempt to take advantage of the doctrine of *res ipsa loquitur*.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 6] As to liability of property owner to invitees for negligence, see 38 Am Jur, Negligence § 96 *et seq.*

[4, 5] 38 Am Jur, Negligence §§ 295, 309.

[5] *"Res ipsa loquitur"* as a presumption of a mere permissible inference. 53 ALR 1494; 167 ALR 658.

6. SAME—EVIDENCE—ADMISSIONS.

Directed verdict for defendant lumber company was proper, where plaintiff invitee failed to prove that negligence on part of defendant caused lumber pile to fall onto plaintiff from pile and record fails to show defendant admitted negligence.

7. APPEAL AND ERROR—REPEATED QUESTIONING—REDIRECT EXAMINATION.

Ruling sustaining defendant's objection on redirect examination of plaintiff to question as to where lumber came from which fell upon and injured him while he was engaged in loading lumber from nearby pile was not prejudicial error nor an abuse of discretion, where subject had been thoroughly covered in direct examination.

Appeal from Wayne; Murphy (George B.), J. Submitted June 8, 1951. (Docket No. 46, Calendar No. 45,149.) Decided September 5, 1951. Rehearing denied December 3, 1951.

Case by Robert B. Otto against Hansen Wholesale Lumber Corporation for damages suffered when pile of lumber fell upon him. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*G. Leslie Field,* for plaintiff.

*Cary & BeGole,* for defendant.

NORTH, J. While assisting in loading some lumber, 60 2x4's, 8 feet long, which plaintiff had purchased at defendant's lumber yard, plaintiff was accidentally injured by falling lumber. He brought this suit against defendant, a Michigan corporation, on the theory that his personal injuries were caused by defendant's negligence. At the close of plaintiff's testimony at the trial by jury, on motion of defendant the court directed a verdict in its favor. Judgment was entered accordingly, and plaintiff has appealed.

Plaintiff was the sole witness in his behalf. As stated in his brief and in his testimony the facts are as follows: An employee of defendant told plaintiff to drive his truck to a designated pile of lumber, to get on top of the pile, hand down the pieces of lumber and he would send a couple of men over to help him (plaintiff) load his truck. Plaintiff did as directed and began to lower pieces of lumber from the top of the pile to the ground so that when the men came they could put them on the truck which was alongside the pile. The pile was approximately 12 feet in height and consisted of 2x4's 8 feet in length. Next to the pile on which plaintiff was standing and separated from it by a space of about 18 inches was another pile, the top of which was above plaintiff's head. Plaintiff testified there was nothing to indicate that the adjoining pile was in a dangerous condition and he was not warned by defendant's employees to be on his guard. As plaintiff pushed lumber down from the pile he was on, the adjoining pile was behind him. The 2 men defendant's yard foreman promised to send arrived and began loading the truck with lumber plaintiff had handed down from the top of the pile. None of the lumber plaintiff was handling came in contact with the adjoining pile and plaintiff did not touch any of the lumber on the latter pile. Plaintiff testified that there is no danger of properly piled lumber falling and that only improper stacking or bumping the pile with something heavy would cause lumber to fall. There is no claim that the pile was bumped by anything. While plaintiff was handing down lumber, he was hit on the back of the head and knocked off the pile to the ground where he landed on his back and was struck in the face across the upper lip, nose and mouth by falling lumber which fell all around him. Plaintiff testified that the 2x4's came down length-

wise and that he was struck in the face by the ends of the lumber.

Negligence on the part of defendant and plaintiff's freedom from contributory negligence are alleged in plaintiff's amended declaration, as follows:

"That at the time and place aforesaid it became and was the duty of defendant to provide a safe place for plaintiff to work in handing down said lumber as directed by defendant and to keep and maintain its premises and merchandise in a safe manner and condition so as not to cause injuries to its patrons, particularly plaintiff; that contrary to and in disregard of its duties as aforesaid defendant carelessly and negligently erected and stacked lumber on said adjoining pile and maintained said pile in an unsafe and dangerous condition so that the lumber thereon was loose and insecure and became unfastened therefrom and fell upon and struck plaintiff inflicting injuries upon him as aforesaid.

"That at the time and place aforesaid plaintiff exercised reasonable care and caution and was entirely free from any contributory negligence on his part."

The question of whether plaintiff was furnished a safe place to work is not involved in the instant case. Nor is the defense of assumed risk. This is true since the relation of employer and employee or master and servant, to which these phases of the law are pertinent, did not exist and were not alleged in the instant case. See *Bauer* v. *American Car & Foundry Co.*, 132 Mich 537; *Swick* v. *Ætna Portland Cement Co.*, 147 Mich 454; *Kaukola* v. *Oliver Iron Mining Co.*, 159 Mich 689; *Parker* v. *Grand Trunk Railway Co.*, 261 Mich 293.

The record conclusively shows that plaintiff was an invitee upon the premises which were under defendant's control. While so on defendant's premises plaintiff suffered personal injuries by the falling of

lumber stored there.   But plaintiff was not entitled to go to a jury as to his right to recover damages from defendant unless he produced competent testimony that the falling of the lumber resulted from or was proximately caused by some negligent act or omission for which defendant was responsible.   We are mindful that plaintiff in his amended declaration alleged that defendant failed to keep its lumber yard in "a safe manner and condition," since "defendant carelessly and negligently erected and stacked lumber on said adjoining pile and maintained said pile in an unsafe and dangerous condition so that the lumber thereon was loose and insecure and became unfastened therefrom and fell upon and struck plaintiff."   But the foregoing allegation is denied in defendant's answer.   The burden of proof tending to establish defendant's alleged negligence was on plaintiff.   Proof of the accident alone was not sufficient.   The rule of *res ipsa loquitur* is not followed in this jurisdiction.

"The mere fact that an accident happened does not establish negligence on the part of defendants, as the doctrine of *res ipsa loquitur* is not followed in this State.   (Citing cases.)"   *Mitchell* v. *Stroh Brewery Co.,* 309 Mich 231.

See, also, *Moore* v. *Traverse City Masonic Building Ass'n,* 324 Mich 507; *Facer* v. *Lewis,* 326 Mich 702.

We quote the following from plaintiff's brief: "Plaintiff stated that he did not know the cause of the lumber falling."   While plaintiff testified that lumber will not fall from a properly stacked pile, this was only an attempt to take advantage of the doctrine of *res ipsa loquitur.* • It was not competent testimony tending to prove that the falling of the lumber in the instant case was proximately caused by negligence of defendant.   The burden was on plaintiff to produce competent testimony tending to

prove in what respect did "defendant carelessly and negligently" erect and stack the lumber on the adjoining pile, or maintain the same "in an unsafe and dangerous condition." The record contains no such testimony. Nor is there any admission in any of the pleadings which would tend to disclose or prove what negligence, or whose negligence, if any, caused the lumber to fall from the pile which was adjacent to the pile from which plaintiff fell. As we understand plaintiff's position he does not claim that there was any testimony of that character. At least he has not pointed to it. But plaintiff does argue that defendant made the essential admission in its answer. The record does not justify such contention.

Under such a record the trial court correctly directed a verdict for defendant at the close of plaintiff's proof. In so holding, we are mindful of appellant's claim that prejudicial error resulted on redirect examination of plaintiff by the court's ruling sustaining defendant's objection to the following question: "Where did that lumber come from?" Plaintiff had just testified that after he fell and was on the ground, "I saw a lot of lumber coming down." Defendant's counsel objected to the above question on the ground that it had "been thoroughly covered and answered, * * * thoroughly covered in direct examination." On plaintiff's direct examination he had replied affirmatively to the question: "Now, the next pile of lumber, that is the one that hit you?" Under the instant record the court's ruling sustaining defendant's objection was not prejudicially erroneous nor an abuse of discretion, as asserted by appellant.

The judgment entered in the circuit court in favor of defendant is affirmed, with costs.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.