## JOHNSON v. HUGHES.

1. Appeal and Error—Judgment Notwithstanding Verdict—Evidence—Inferences.

The testimony and every reasonable inference to be drawn therefrom are to be viewed in the light most favorable to plaintiffs in determining whether or not judgments notwithstanding verdicts should have been entered for defendant.

---

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error § 886
[2] 5A Am Jur, Automobiles and Highway Traffic § 1028.
[3] 5A Am Jur, Automobiles and Highway Traffic § 1037.
  Liability for injury to pedestrian who suddenly steps into path of automobile. 65 ALR 192, 113 ALR 528.

2. NEGLIGENCE — AUTOMOBILES — DIRECTED VERDICT — QUESTION FOR JURY.

> Whether or not the action of a defendant, involved in an action at law arising from traffic accident, was negligent as a matter of law or whether his negligence was a question of fact for the jury must be determined from the proofs in each case.

3. AUTOMOBILES — MINORS — PEDESTRIANS — INTERSECTION — NEGLIGENCE — QUESTION FOR JURY.

> Evidence as to whether or not southbound defendant motorist who made right turn onto north half of 30-foot-wide paved street was negligent in striking plaintiff, a 5-year-old boy, who with his 6-year-old boy companion was northbound on west crosswalk and had stepped back upon curb to let eastbound car pass, *held*, to have presented to jury a question of fact as to whether defendant had maintained a reasonable and proper lookout and to have raised a reasonable inference that defendant could have seen plaintiff minor while latter was still behind, or emerging from behind, the eastbound car.

Appeal from Bay; Louis (David R.), J. Submitted October 6, 1960. (Docket Nos. 29, 30, Calendar Nos. 48,342, 48,343.) Decided December 2, 1960.

Case by Henry Johnson, by his next friend, Donald Johnson, against William J. Hughes for personal injuries sustained when struck by automobile May 27, 1955. Similar action by Donald Johnson for medical expense. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendant appeals. Affirmed.

*Wilson & Oeming,* for plaintiffs.

*Smith, Brooker & Harvey,* for defendants.

DETHMERS, C. J. Defendant was the owner-driver of an automobile which collided with 5-year-old plaintiff Henry Johnson. The 2 suits are, respectively, for his damages and for those of his father, plaintiff Donald Johnson, for his out-of-pocket expenses resulting from the son's injuries. Verdicts

were for plaintiffs. Defendant moved for judgments *non obstante veredicto*. From orders denying those motions, he appeals. His contention in support of those motions and his appeals is that there was no evidence of his negligence.

The claimed factual basis for defendant's contention, as urged in his brief, derives from a disregard of the rule, to which he gives passing lip service, that the evidence and every reasonable inference to be drawn therefrom are to be viewed in the light most favorable to plaintiff. So viewed, the facts are: Defendant was driving his automobile south, approaching an intersection. Upon reaching the latter he turned west, to his right, into the north half of a 30-foot-wide paved street. Plaintiff and a 6-year-old boy companion, at approximately that same time, were walking north on the west sidewalk, approaching the same intersection from the south. An automobile, referred to as the Stoddard car, came from the west toward the intersection, traveling about 7 or 8 feet north of the south curb, and stopped for a stop sign 2 feet west of the sidewalk on which the 2 boys were walking. When they reached the intersection they stepped off the sidewalk onto the street ahead of the standing Stoddard car, and then immediately stepped back onto the sidewalk. Then the Stoddard car moved ahead a few feet and stopped again in front of and about 7 or 8 feet north from the curb and the sidewalk on which the boys were standing. The driver of the Stoddard car saw defendant's car turning the corner west and the 2 boys going north behind her car.

Defendant testified that as he met and drove alongside the Stoddard car, traveling at a speed of 10 miles per hour, about 3 feet separated the 2 cars and that, when the rear of his car was west of the crosswalk which represented an extension of the walk on which the boys had been walking, he felt and heard

a thud on the side of his car next to where he was sitting as driver. He immediately applied his brakes and stopped within 3 feet. He got out of his car, heard crying and discovered plaintiff under his car. He had not seen plaintiff or his companion before the accident.

The companion testified that, as he and plaintiff walked across the street, plaintiff was to his left and about 2 feet ahead of him; that the left front headlight of defendant's car first struck him, the witness, and immediately thereafter plaintiff was struck by the center of the front of the car. After the accident plaintiff was on his hands and knees, facing west, pinned under the transmission just ahead of the center of the car, so that the car had to be jacked up to release plaintiff. Although defendant testified that when his car came to a stop the front of it was only about 6 feet beyond or west of the rear of the Stoddard car, another witness testified that the point at which plaintiff was pinned under defendant's car was about 8 feet from the left rear of the Stoddard car.

While defendant cites cases such as *Gardiner v. Studebaker Corporation,* 204 Mich 313, *Braxton v. Gazdecki,* 255 Mich 518, *Colvaruso's Guardian v. Stroh Brewery Co.,* 301 Mich 245, and *Houck v. Carigan,* 359 Mich 224, in which children dashed out from behind standing cars, ran into the sides of defendants' moving vehicles and we held that there was no evidence to go to the jury on the question of defendants' negligence, we think this is not such a case. Plaintiff, in turn, suggests that *Dempsey v. Miles,* 342 Mich 185, is more in point. Each case must stand on its own proofs.

From the proofs of physical facts in this case, as above outlined, a reasonable inference is that inasmuch as defendant's car was traveling 3 feet to the north of the left side of the Stoddard car, defendant,

with an angling look, could have seen plaintiff while still somewhere behind the Stoddard car; and, further, that plaintiff walked 8 feet across the street in front of defendant, where he could have been seen by defendant, after emerging from the rear of the Stoddard car. It is equally a reasonable inference that during that time defendant, traveling at 10 miles per hour, had progressed more than the 3 feet which he testified was the distance within which he was able to and did stop on that occasion. This gave rise to a jury question of fact as to whether defendant had maintained a reasonable and proper lookout and, if not, whether such negligence was a proximate cause of plaintiff's injuries.

Affirmed. Costs to plaintiffs.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.