COLES *v.* GALLOWAY.

1. TRIAL—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT—SUFFICIENCY OF EVIDENCE.

A motion for judgment notwithstanding the verdict must be determined by an examination of the evidence, since a jury verdict must be sustained if supported by competent evidence.

2. AUTOMOBILES—SUCCESSIVE COLLISIONS—JUDGMENT NOTWITHSTANDING VERDICT—PROXIMATE CAUSE.

Claim of appellant, whose vehicle struck plaintiffs' vehicle 6 or 7 seconds after plaintiffs' vehicle was struck by vehicle of codefendant, that the trial court erred in failing to grant appellant's motion for judgment notwithstanding the verdict because of insufficient evidence that the second collision was a proximate cause of plaintiffs' injuries is determined by examination of the evidence, since the jury verdict of joint and several liability of both defendants must be affirmed if sustained by competent evidence that plaintiffs' injuries were indivisible and caused by a combination of the 2 impacts.

3. SAME—VERDICT—JUDGMENT NOTWITHSTANDING VERDICT—SUFFICIENCY OF EVIDENCE—SUCCESSIVE TORT-FEASORS—NEGLIGENCE.

Liability of a second tort-feasor involved in automobile accident is one for jury determination, no matter how difficult that question of fact may be, if there is competent evidence showing, or from which a reasonable inference may be drawn, that the negligence of the second tort-feasor was a proximate cause of plaintiffs' injuries or any part or aggravation of them.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 30A Am Jur, Judgments §§ 292, 297, 300.
[2, 5] 30A Am Jur, Judgments §§ 292, 297, 300; 7 Am Jur 2d, Automobiles and Highway Traffic § 374.
[3] 30A Am Jur, Judgments § 300; 52 Am Jur, Torts §§ 110, 112, 120.
[6, 7] 58 Am Jur, Witnesses § 7; 20 Am Jur 2d, Courts § 79.
[8] 53 Am Jur, Trial §§ 75, 95, 97.
[9, 10] 20 Am Jur, Evidence § 786.
[11, 12] 53 Am Jur, Trial § 536.
[13] 5 Am Jur 2d, Appeal and Error §§ 891, 894.

4. SAME—JUDGMENT NOTWITHSTANDING VERDICT—SUFFICIENCY OF EVIDENCE—SUCCESSIVE TORT-FEASORS.

Determination of motion of a second tort-feasor for judgment notwithstanding the verdict for plaintiff, in action arising out of successive collisions with plaintiff's car, requires ascertainment of whether there was any evidence upon which the jury could properly find a verdict for the party upon whom the burden of proof is imposed, and if there is no such evidence, the case should not go to a jury to guess or speculate but, instead, should be dismissed by the court as to the second tort-feasor.

5. SAME—VERDICT—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT—PROXIMATE CAUSE—SUFFICIENCY OF EVIDENCE—NEGLIGENCE —SUCCESSIVE TORT-FEASORS.

Claim of appellant, whose vehicle struck plaintiffs' vehicle 6 or 7 seconds after plaintiffs' vehicle was struck by codefendant, that the trial court erred in failing to grant appellant's motion for judgment notwithstanding the verdict because of insufficient evidence that the second collision was a proximate cause of plaintiffs' injuries *held*, without merit, where 5 witnesses testified that an impact occurred between plaintiffs' automobile and defendant's automobile, an expert witness testified that second collision caused glass of plaintiffs' station wagon to shatter, the doctor who treated plaintiff-daughter testified that he found various wounds containing numerous bits of glass and paint from the body of the car in which she was injured, there was testimony that the injury to plaintiff-daughter was not discovered until after second impact, and defendant testified that he sustained a brain concussion in the accident, since such testimony raised a reasonable inference that defendant's negligence was a proximate cause of the injuries.

6. TRIAL—COURT RULES—EXCHANGE OF NAMES OF WITNESSES—DISCRETION OF COURT.

The purpose of local court rules requiring parties to exchange the names of witnesses is to preclude surprise at trials, and it is not an abuse of discretion to allow a witness to testify, absent notice to the adverse party, where no surprise can result thereby.

7. SAME—WITNESSES—DISCRETION OF COURT.

Claim of defendant that the trial court committed prejudicial error and an abuse of discretion by permitting 2 witnesses to testify on behalf of plaintiffs when plaintiffs had given no notice, prior to trial, that such testimony would be offered,

as required by the Genesee county court rules *held*, without merit, since the purpose of such rules is to eliminate the element of surprise at trials, and one of the witnesses allowed to testify was a police officer who investigated the accident and whose name appeared on the police reports, with the other such witness being a rebuttal expert whose testimony could reasonably have been expected because of the fact that defendant called a reconstruction expert to testify on his own behalf.

8. SAME—WITNESSES—TESTIMONY—JUDICIAL DISCRETION.

The court is exercising its discretion in allowing witnesses to testify at trial, and unless a clear abuse thereof can be shown, its rulings must stand.

9. WITNESSES—QUALIFICATIONS OF EXPERT WITNESSES—DISCRETION OF COURT.

The determination of whether one qualifies to testify as an expert witness is a matter within the discretion of the trial judge and the Court of Appeals will not interfere except to correct an abuse of discretion.

10. SAME—AUTOMOBILES—EVIDENCE—DISCRETION OF COURT—ACCIDENT INVESTIGATION EXPERT.

Claim by defendant that the trial court committed prejudicial error and an abuse of discretion by permitting a police officer who investigated an automobile accident to testify as to which car caused each pile of debris found on the highway *held*, without merit, where the witness had supervised traffic since 1960, had been trained in accident investigation, instructed others in accident investigation, personally investigated more than 200 or 300 accidents a year, and reviewed 1,000 accidents a year as supervisor, since the ruling of the trial court that he qualified as an expert was a matter of judicial discretion with which the Court of Appeals will not interfere where no abuse is shown.

11. TRIAL—COURT RULES—INSTRUCTIONS.

Court rules authorize a trial court to give preliminary instructions at any time during the course of trial in order to aid the jury to understand the proceeding and to arrive at a just verdict (GCR 1963, 516.3).

12. SAME—CAUTIONARY INSTRUCTIONS—DISCRETION OF COURT—COURT RULES.

Claim of defendant that the trial court committed prejudicial error in instructing the jury on the weight to be given expert testimony, by giving such instruction at the conclusion of

the testimony of defendant's expert witness when none had been given at the conclusion of the testimony of plaintiffs' expert witnesses *held*, without merit, where the trial court repeated the instruction in its charge to the jury, since, under applicable court rules, the trial court may give preliminary instructions at any time during the course of trial in order to aid the jury to understand the proceedings and to arrive at a just verdict (GCR 1963, 516.3).

13. APPEAL AND ERROR—INSTRUCTIONS—LAW OF CASE.

Claim by defendant that the trial court committed prejudicial error in part of its instructions to the jury *held*, without merit, where the instructions, taken as a whole, were a proper statement of the law applicable to the case.

Appeal from Genesee; Newblatt (Stewart A.), J. Submitted Division 2 February 7, 1967, at Lansing. Leave to appeal denied August 23, 1967. See 379 Mich 776.

Separate complaints by Bernice Coles, individually and as guardian of the estate of Pamela Coles, a minor, against Michael Galloway, George Galloway and Harold Draper, for damages for personal injuries sustained by Bernice Coles and Pamela Coles while passengers in an automobile involved in successive collisions with one vehicle driven by Michael Galloway and a second vehicle driven by Harold Draper. Actions consolidated for trial. Judgments for each plaintiff. Defendant Draper's motion for judgment notwithstanding the verdict or a new trial was denied. Defendant Draper appeals. Affirmed.

*Leitson, Dean, Dean, Abram & Segar,* for plaintiffs.

*Gault, Davison & Bowers,* for defendant Harold Draper.

HOLBROOK, P. J. On the night of April 25, 1961, plaintiffs, Bernice Coles and Pamela Coles, were

passengers in a station wagon being operated by Commodore Coles in an easterly direction on Lapeer road in the city of Flint, Michigan. Plaintiff Bernice Coles was seated in the right front passenger seat. Plaintiff Pamela Coles occupied the rear seat directly behind the driver and next to the left rear door. Lapeer road, a paved two-lane street, was wet due to rain that had fallen that evening.

Defendant Michael Galloway was driving an automobile owned by defendant, George Galloway, in a westerly direction on Lapeer road. Defendant Draper was driving an automobile in an easterly direction on Lapeer road.

Plaintiffs' station wagon was struck on the left side by defendant Galloway's car, causing the station wagon to stop in a position blocking eastbound traffic on Lapeer road where it was struck on the left side by defendant Draper's car. Commodore Coles estimated that the time between impacts was 6 or 7 seconds.

Upon a jury trial on the merits a verdict was returned in favor of plaintiff, Pamela Coles, in the amount of $30,000 and plaintiff, Bernice Coles, in the amount of $750, jointly and severally, against both defendants. Only defendant Draper appeals.

Defendant raises several issues on appeal, the first of which is that there was no evidence to show that defendant Draper caused or contributed to Pamela Coles' injuries and therefore the court should have granted the motion for judgment notwithstanding the verdict. Since defendant Draper raises no question pertaining to the jury's determination of his negligence, we limit our discussion to whether or not his negligence could have been a proximate cause of the injury to plaintiffs.

Simply stated, the situation is this: Pamela Coles has suffered injuries as a result of two successive

collisions approximately 6 or 7 seconds apart. Was one impact solely responsible for the injuries suffered or did both impacts contribute to them?

These are properly matters for jury consideration and their findings, if sustained by competent evidence, must be affirmed.[1] If the jury finds that the injuries suffered were indivisible and that they were caused by the combination of the two impacts, then both defendants are jointly and severally liable.[2]

The applicable rule of law is stated in *Meier* v. *Holt* (1956), 347 Mich 430, 448:

"If there is competent evidence showing, or from which a reasonable inference may be drawn, that the negligence of the second tort-feasor was a proximate cause of plaintiffs' injuries or any part or aggravation of them, that evidence should go to the trier of the facts for determination, no matter how difficult, of that question of fact * * * and, if it finds in the affirmative, for determining which or what part of them and fixing the amount of damages. * * * If there is no such evidence, the case should not go to a jury to guess or speculate on the question, but, instead, the case should be dismissed by the court as to the second tort-feasor. * * * Whether there is such evidence is not a question of fact for the jury, but of law for the court. * * * Furthermore, the question for the court is not merely whether there is literally no evidence, but whether there is any upon which a jury can properly find a verdict

[1] *Moore* v. *Strong* (CA 10, 1966), 360 F2d 71. Annotation entitled "Apportionment of damages involving successive impacts by different motor vehicles," 100 ALR2d 16, 119; *Maddux* v. *Donaldson* (1961), 362 Mich 425; *Watts* v. *Smith* (1965), 375 Mich 120.

[2] It is the law in Michigan that "where the negligence of 2 or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concert action." 1 Cooley, Torts (3d ed), p 247. See, also, Justice Souris' opinion in *Bunda* v. *Hardwick* (1965), 376 Mich 640, 670, 671.

for the party producing it upon whom the burden of proof is imposed."

To answer defendant's first contention, the record must be examined in order to determine whether or not competent evidence was introduced to the jury from which a reasonable inference could be drawn showing that the negligence of defendant Draper was a proximate cause of plaintiffs' injuries. Witnesses Commodore Coles, Bernice Coles, Michael Galloway, Herbert Bondarenko and William E. Billings testified that an impact occurred between the plaintiffs' automobile and defendant Draper's automobile. Witness Billings was qualified as an accident reconstruction expert. It was his opinion, based on a study of photographs taken by the investigating police officer of the cars and their damage and positions subsequent to the accident, that the Coles station wagon was struck by the Draper car in the left rear fender. As a result of this collision, the right front bumper of the Draper car was pushed back almost to the tire, if not into the tire. Also there was a crimping of the side of the front right fender of the Draper automobile. This caused a breakage of glass in the rear triangular panel of glass on the Coles' station wagon. This glass was shattered, it did not break out. Dr. Lester Frank Adams testified (by way of deposition) that he treated Pamela Coles after the accident. He stated:

"The various wounds were debrided and cleaned of their contained bits of numerous pieces of glass and of paint from the body of the car in which she was injured. This was very tedious as there were numerous small pieces still in the wound and this procedure occupied about 45 minutes."

Plaintiff, Bernice Coles, testified that she did not discover the injury to Pamela Coles until after the

second (Draper) impact. Defendant Draper testified that as a result of the accident he suffered a brain concussion.

In our judgment this testimony raises a reasonable inference that Draper's negligence was a proximate cause of the injuries sustained by the plaintiff, therefore the question of whether or not Draper's negligence was a proximate cause of plaintiff's injuries was properly submitted to the jury. The court did not err in denying defendant's motion for judgment notwithstanding the verdict.

The defendant next contends that errors were committed by the trial court during the course of the trial which should result in a new trial for all defendants. He asserts that the trial court erred in:

A. Permitting two witnesses to testify in behalf of plaintiffs as to which witnesses plaintiffs gave no notice prior to trial of proposed offer of testimony.

B. Permitting an investigating police officer to testify as to matters of expert opinion.

C. Stating a preliminary instruction to the jury as to weight to be given to expert opinion testimony at the conclusion of testimony by defendant Draper's expert witness, not having previously given such instruction as to expert testimony offered by plaintiffs' witnesses.

D. Its instruction to the jury that the verdict as to one plaintiff must be consistent as to the other plaintiff.

E. Its instruction to the jury that any uncertainties existing as to determination of damages should be decided in favor of the plaintiffs.

A. Witnesses Bondarenko and Billings were allowed to testify at the trial of this cause even though their names did not appear on the witness lists given by plaintiffs' counsel to defendant's counsel.

The Genesee county circuit court rules require that all witnesses who are to testify at the trial be listed

and further that said lists be delivered to opposing counsel. The basis for this local rule procedure is GCR 1963, 301. The purpose of this rule, as in the general theory of the pretrial proceedings as contained in the Michigan General Court Rules, is to eliminate the element of surprise at trials.

In the present case, Officer Bondarenko was the police officer who investigated the accident and his name appeared on the police reports. Defendant cannot claim that he was surprised by his appearance at the trial.

Witness Billings was called by plaintiff as a rebuttal witness. Defendant by calling an accident reconstruction expert to testify could reasonably expect that plaintiff would introduce evidence to rebut this testimony.

In allowing these witnesses to testify, the trial court was exercising its discretion. Unless a clear abuse thereof can be shown, its ruling must stand. See *Snyder* v. *New York Central Transport Company* (1966), 4 Mich App 38.

We find that in the circumstances of this case the trial court was not guilty of a clear abuse of discretion.

B. Sergeant Herbert Bondarenko, one of the police officers who investigated the accident, testified at the trial. He produced police photographs taken during the investigation of the accident. He testified as to where the automobiles were after the accident; the size and location of skid marks; the location of piles of debris and which car caused each pile of debris. The defendant contends that this latter testimony was opinion testimony and could only be received if the sergeant was qualified as an expert witness.

The trial court, on the basis of his testimony that he was a supervisor of traffic since 1960, he had accident investigation training, he instructed others in

the work of accident investigation, he investigated more than 200 or 300 accidents a year and in addition in his capacity as a supervisor, he reviews a thousand accidents a year, ruled that the witness qualified as an expert and could give his opinion as to which car caused what pile of debris.

In *People* v. *Hawthorne* (1940), 293 Mich 15, 23, the court stated: "The determination of the qualifications of an expert is a question for the trial judge and we entrust the matter to his discretion. We interfere only to correct an abuse."[3]

C. At the conclusion of Dr. Manos' testimony, the court instructed the jury on the weight to be given to expert testimony. Defendant does not contend that the content of the instruction was error. He does contend that the timing of the trial court in giving it was prejudicial. The trial court repeated this instruction prior to the submission of this case to the jury. GCR 1963, 516.3 provides that the trial court may give preliminary instructions at any time during the course of a trial in order to "aid the jury to understand the proceedings and to arrive at a just verdict."

We find no abuse of discretion on the part of the trial court in giving the preliminary instruction at the time he did.

D. and E. In defendant's final contention on appeal, he claims reversible error in part of the trial court's instructions to the jury. It appears to this Court that the instructions taken as a whole were a proper statement of the law applicable to this case.

Affirmed. Costs to appellees.

FITZGERALD and J. H. GILLIS, JJ., concurred.

---

[3] *Snyder* v. *New York Central Transport Company supra; LaFave* v. *Kroger Company* (1966), 5 Mich App 446; and an annotation in 66 ALR2d 1048, entitled "Admissibility of opinion evidence as to the point of impact or collision in motor vehicle accident case."