MORTON *v.* WIBRIGHT

1. Negligence—Violation of Statute—Negligence Per Se—Prima
   Facie Case.
   Violation of a statute is negligence *per se* and will support a
   *prima facie* case of negligence.

2. Negligence—Violation of Statute—Effect—Recovery—Prox-
   imate Cause.
   The violation of a statute alone will not support a recovery
   because the violation must also be the proximate cause of
   the injury complained of.

3. Automobiles—Negligence—Wrong-Lane   Collision—Question
   of Fact.
   The question of how a driver in a negligence case got on the
   wrong side of the road where he collided with another driver
   is a question of fact.

4. Negligence—Evidence—Burden of Proof—Burden of Proceed-
   ing.
   The burden of proof in a negligence case never shifts and is
   always on the plaintiff; however the burden of proceeding
   with proofs can shift at different points during the trial as
   a result of various legal presumptions or *prima facie* proofs.

5. Automobiles—Negligence—Burden of Proceeding—Improper
   Lane Usage.
   Defendant driver had the burden of proceeding with proofs
   which would explain or excuse his crossing into plaintiff's
   decedent's lane of traffic, where the defendant's and the
   plaintiff's decedent's cars collided where there was uncontest-

References for Points in Headnotes
[1, 2, 5, 6] 38 Am Jur, Negligence §§ 158–170, 180.
[3] 38 Am Jur, Negligence § 344 *et seq.*
[4–6] 29 Am Jur 2d, Evidence §§ 123–131.
   38 Am Jur, Negligence §§ 285–289.
[6] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 689, 690, 761.

able proof that plaintiff's decedent was free of any negligence, that defendant had violated the statute governing proper lanes of traffic, and that the violation caused the collision (MCLA § 257.634).

6. AUTOMOBILES—NEGLIGENCE—WRONG-LANE COLLISION—EVIDENCE—STATUTORY VIOLATION—BURDEN OF PROCEEDING.

Finding of fact that it was unknown whether defendant driver skidded into the plaintiff's lane of traffic, where he collided with plaintiff's car, because of a patch of ice, or a rut, or an icy hump on the road, or if the defendant was first negligent in his driving under the existing conditions, required reversal of judgment of no cause of action and remand for a new trial where there was uncontestable evidence that plaintiff was not guilty of any negligence, defendant did cross into plaintiff's lane of traffic, and the violation of the statute governing proper lanes of traffic was the cause of the collision, because the burden of producing proof to explain the violation of the statute was on the defendant (MCLA § 257.634).

Appeal from Lenawee, Rex B. Martin, J. Submitted Division 2 January 7, 1971, at Lansing. (Docket No. 9076.) Decided February 19, 1971.

Complaint by Morrie Morton, administrator of the estate of Harry F. Cook, deceased, against Vernon Wibright and Larry Wibright for automobile negligence. Judgment of no cause of action. Plaintiff appeals. Reversed and remanded.

*James I. Moran,* for plaintiff

*Alexander M. DesChenes,* Jr., for defendants.

Before: QUINN, P. J., and BRONSON and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'HARA, J. This is an appeal of right from a judgment of no cause of action rendered by the trial judge sitting without a jury as trier of the facts in an automobile negligence case.

One relevant fact is undisputed. The collision occurred in the lane of traffic legally occupied by plaintiff's decedent. Defendant's car crossed the center line and the point of impact was in decedent's proper lane of travel.

We recite the attendant circumstances. Deerfield Highway, at the point of collision, is a two-lane blacktopped, undivided highway running generally east and west. The night of the collision was cold and windy with occasional snow falling. At the scene of the accident, the surface of the road was icy and slippery. As a result of the collision, Larry Wibright, the driver of defendant Vernon Wibright's car was injured and Harry F. Cook was killed instantly. Defendant Vernon asserts total amnesia as to the period immediately preceding and following the collision. There is no proof to the contrary. Hence, we have a highway collision as to which there was no eyewitness testimony.[1] Witnesses arriving at the scene very shortly after the collision fixed the point of impact in decedent's lane of travel.

Judge Martin favored this Court with an exhaustive review of the testimony. He made specific findings of fact and discussed in depth the legal issues. We express our appreciation.

In finality, the controlling issue may be stated as whether or not plaintiff sustained his burden of

[1] Plaintiff chose not to call defendant driver adversely. Defendants did not call him for direct examination. The claim of amnesia was asserted at the pre-trial conference, and this claim was included in the pre-trial summary.

proof that defendant's violation of the statute[2] providing that "upon roadways of sufficient width a vehicle shall be driven upon the right half of the roadway" (with certain exceptions not here relevant), was the proximate cause of decedent's death and consequential damage.

Violation of a statute is negligence *per se.* Proof of the violation makes out a *prima facie* case of negligence. *Warwick* v. *Blackney* (1935), 272 Mich 231. This proof alone does not support recovery since:

> "the issue as to how the driver got on the wrong side of the road is factual and for the jury,[3] [and] the violation  *  *  *  must be the proximate cause of the injury." *Hackley Union National Bank & Trust Company* v. *Warren Radio Company,* 5 Mich App 64, 73.

It was on this issue of proximate causality that the trial judge based his no-cause judgment. We may not disturb it unless it is clearly erroneous or unless his arriving at it was attended by an error of law. *McDaniels* v. *Schroeder* (1968), 9 Mich App 444; *Hughson* v. *O'Reilly* (1967), 7 Mich App 324; *Leonard* v. *Hey* (1934), 269 Mich 491; *Rickels* v. *Isabella County Road Commission* (1965), 375 Mich 294.

We quote certain of the court's findings:

(1) "He [defendant driver] did not suddenly come on a patch of icy road."

(2) "The court is convinced the defendant crossed the center line and struck the plaintiff's [decedent's] car."

(3) "Plaintiff [decedent] is presumed to have been driving carefully and there is nothing to overcome that presumption."

---

[2] MCLA § 257.634 (Stat Ann 1970 Cum Supp § 9.2334).

[3] In this case, it was the trial judge.

After making these specific findings of fact, the trial judge then reviewed analytically many Michigan decisions relating to skidding and crossing the center line into the proscribed lane. At the termination of his analysis, the court said:

"The court is sure  *  *  *  attorneys reading this opinion wondered why it has taken the court so long to decide their 'simple' case and why all this dry old law has been cited. The research was done, and the delay caused, *by the court's inability to determine as a matter of fact what actually caused this accident."* (Emphasis supplied.)

We believe in the underlined portion of the excerpt lies the error which impels us to reverse. We think the court earlier answered its own question when it found:

"The court is convinced the defendant crossed the center line and struck plaintiff's car."

Beyond purview of doubt, defendant's crossing the center line caused the collision of the two vehicles. The real question is: What caused defendant to cross the center line and, just as importantly, whose burden is it to prove that the admitted illegal act was excusable or unforeseeable, and thus not a proximate cause of plaintiff's decedent's death?

The settled controlling rule of law is difficult of articulation because of the ever recurrent confusion between the terms "burden of proof" and "burden of proceeding with proofs".

It is axiomatic, and our courts, both ours and the Supreme Court, cling tenaciously to the theorem that "the burden of proof [in a negligence case] never shifts." It is equally axiomatic that the "burden of proceeding with the proof" can.

The difference between the burden of ultimate persuasion and the burden of coming forward with

evidence is that the former never shifts and is always with the plaintiff. The latter may shift at different points during the trial as a result of various legal presumptions or *prima facie* proofs.

We hold here that when plaintiff incontestably established that defendant-driver violated the statute, and that the violation just as incontestably caused the collision, and where, as here, the plaintiff's decedent was incontestably free of any negligence, it became the burden of defendant to introduce that measure of exculpatory proof which would clearly explain or excuse his violation of the statute.

Having so held legally, we examine the trial court's findings to determine whether defendant met that burden. We quote:

"We don't know if the defendant skidded solely because of a patch of ice or a rut or an icy hump on the road *or if he was first of all negligent in [his] driving under the existing conditions.*" (Emphasis supplied.)

We hold as a matter of law this finding of fact, which we accept, is insufficient to meet defendant's burden of coming forward with and introducing sufficient exculpatory proof.

For the reasons hereinbefore detailed, we reverse for a new trial.

Plaintiff may tax costs.

All concurred.