KUBASINSKI v JOHNSON

1. NEGLIGENCE—PROXIMATE CAUSE—QUESTIONS OF FACT.

Questions of negligence and proximate causality in all but rare instances are for the jury where one has been demanded; only under the most extreme circumstances, where reasonable minds could not differ upon the facts, or the inferences to be drawn therefrom, can the case be taken from the jury.

2. NEGLIGENCE—VIOLATION OF STATUTES—NEGLIGENCE PER SE—PROXIMATE CAUSE.

Violation of a statute is negligence per se; even so, ordinarily the proximate causality of that negligence is an issue of fact, but it can, however, become a question of law for the court.

3. NEGLIGENCE—PROXIMATE CAUSE—QUESTION OF LAW.

The general rule is that where the injured person's negligence is incontrovertibly proximately connected with the occurrence causing his injury, the issue is for the court.

4. AUTOMOBILES—AUTOMOBILE-BICYCLE ACCIDENT—DIRECTED VERDICT —EVIDENCE.

A trial court properly directed a verdict against plaintiff cyclist who was proceeding in the middle of the wrong lane, left of the center line, at the time defendant automobilist was passing a slower vehicle ahead of him on a dark rainy morning where there was no evidence of negligence on the defendant's part unless it was negligent of him to have been unable to stop within 10 or 12 feet when he suddenly came upon plaintiff cyclist at a place the cyclist had no right to be in since the cyclist was statutorily obligated to ride as near to the right side of the roadway as practicable; it is almost axiomatic that a party need not anticipate a negligent or unlawful act on the part of another (MCLA 257.660).

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 6–9, 136, 137.
[2] 57 Am Jur 2d, Negligence §§ 9, 239, 240, 242–244, 253, 270.
[3] 57 Am Jur 2d, Negligence §§ 136, 137.
[4] 7 Am Jur 2d, Automobiles and Highway Traffic § 225.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 1 October 12, 1972, at Detroit. (Docket No. 12364.) Decided April 23, 1973.

Complaint by George R. Kubasinski and Barbara J. Kubasinski against Jerome G. Johnson for damages resulting from a bicycle-automobile accident. Directed verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Sheldon Wachler, P. C.,* for plaintiffs.

*Nunneley, Nunneley, Hirt & Rinehart,* for defendant.

Before: V. J. BRENNAN, P. J., and LEVIN and O'HARA,* JJ.

O'HARA, J. This is an appeal of right from a directed verdict against plaintiff in an automobile accident case. Plaintiff is a cyclist.[1] Defendant is the operator of the involved motor vehicle.

In this state in all but rare instances the questions of negligence and proximate causality are for the jury where, as here, one has been demanded. *Comstock v General Motors Corp,* 358 Mich 163 (1959); *Martiniano v Booth,* 359 Mich 680 (1960). Justice SMITH in *McKinney v Yelavich* 352 Mich 687, 692 (1958), expressed it thus:

"Only under the most extreme circumstances, those, in fact, where reasonable minds could not differ upon the facts, or the inferences to be drawn therefrom, can the case be taken from the jury."

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] His wife joined as a plaintiff in her action for loss of consortium.

This seems to us to qualify as one of those rare instances which is an exception to the general rule.

Defendant had been driving east. He turned south on a two-lane road. There was a slower vehicle ahead of him. He turned out into the northbound lane to pass it. Ten or twelve feet ahead of him he saw the cyclist proceeding in the same direction. It was a dark rainy morning. It is conceded that defendant's lights were on. The cyclist was statutorily obligated to ride "as near to the right side of the roadway as practicable", MCLA 257.660; MSA 9.2360. A disinterested witness placed plaintiff in the middle of the wrong lane, left of the center line.

Plaintiff complained of partial amnesia. His testimony was thus vague. According to it, at the last point he remembered anything he was "not crossing the road". There seems to be no explicable reason for his being where he was except his own choice to be there.

Violation of a statute is negligence per se. *Morton v Wibright,* 31 Mich App 8 (1971); *McKinney v Anderson,* 373 Mich 414 (1960); *Selmo v Baratono,* 28 Mich App 217 (1970). Even so ordinarily the proximate causality of that negligence is an issue of fact. *Comstock, supra; Johnson v Hughes,* 362 Mich 74 (1960). It can, however, become a question of law for the court. *Coles v Galloway,* 7 Mich App 93 (1967); *Meier v Holt,* 347 Mich 430 (1956); *Otto v Hansen Wholesale Lumber Corp,* 331 Mich 37 (1951). The general rule is that where the injured person's negligence is incontrovertibly proximately connected with the occurrence causing his injury, the issue is for the court. *Modzel v Norwalk Truck Lines,* 325 Mich 693 (1949); *Dulemba v Tribble,* 325 Mich 143 (1949); 65 CJS, Negligence, § 265, p

938. We hold it was properly for the court in this case.

There was no evidence of negligence on defendant's part unless it was negligent of him to have been unable to stop within ten or twelve feet when he suddenly came upon a cyclist at a place the cyclist had no legal right to be. It is almost axiomatic that a party need not anticipate a negligent or unlawful act on the part of another. *Koehler v Detroit Edison Co,* 383 Mich 224 (1970); *Wright v Delray Connecting R Co,* 361 Mich 619 (1960); *Staunton v Detroit,* 329 Mich 516 (1951).

Despite our empathy for the seriously injured plaintiff, we perceive no possible issue of fact. The trial judge properly directed a verdict against him.

We affirm. Costs to the defendant.

V. J. BRENNAN, P. J., concurred, LEVIN, J., not participating.