SHEPHERD v SHORT

1. NEGLIGENCE—PROXIMATE CAUSE—QUESTION OF LAW.
   The general rule is that where an injured person's negligence is incontrovertibly proximately connected with the occurrence causing his injury, the issue is for the court.

2. AUTOMOBILES—NEGLIGENCE—PROXIMATE CAUSE—PEDESTRIANS—DIRECTED VERDICT—VIOLATION OF STATUTE.
   The trial court correctly directed a verdict in favor of a defendant motorist where plaintiff's decedent was walking at dusk in the traveled portion of a roadway, on the right-hand side, with her back to the traffic, in violation of the statute requiring pedestrians to walk on the left side of the highway facing traffic; under these circumstances the decedent's negligence was at least *a* proximate cause of the accident (MCLA 257.655).

Appeal from Midland, James R. Rood, J. Submitted Division 3 January 8, 1974, at Grand Rapids. (Docket No. 16267.) Decided April 30, 1974.

Complaint by Martha Shepherd, administratrix of the estate of Pauline Shepherd, against Laurel Short, Sr., for wrongful death in an automobile-pedestrian accident. Directed verdict for defendant. Plaintiff appeals. Affirmed.

*Whittaker & Rowland,* for plaintiff.

*Fortino, Plaxton & Moskal,* for defendant.

Before: R. B. BURNS, P. J., and BRONSON and VAN VALKENBURG,* JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Negligence §§ 136, 137.
[2] 57 Am Jur 2d, Negligence § 9.
   * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

VAN VALKENBURG, J. Plaintiff appeals as of right from a directed verdict entered in favor of defendant. Plaintiff, the administratrix and mother of the deceased, brought a wrongful death action against defendant, the driver of the automobile which struck and killed the deceased, a sixteen-year-old girl, as she walked along Sturgeon Road in Midland County at about 8:30 p.m. on June 26, 1970.

The record shows that deceased and one Kathy Schneider left the Schneider residence with the intent to go to the deceased's residence which was about 1/2 mile away. The two girls proceeded down the right side of Sturgeon Road, a two-lane tarvia road. Along both sides of the pavement was an area of mowed grass wide enough to allow at least one person to walk, beyond that being knee high weeds and fairly deep ditches. While it was still light when the girls left the Schneider residence, the shades of darkness had begun to cloak the area by the time the accident occurred. It is uncontroverted that at the time of the accident the deceased was walking on the traveled portion of the road alongside Miss Schneider, who was walking on the grass bordering the road. Defendant's automobile struck the deceased but left Miss Schneider unscathed. The weather was clear and the pavement was dry at the point of impact, although there were patches of fog in spots.

Defendant was called under the statute. He indicated that he was proceeding at about 35 miles per hour, although the speed limit was 55 miles per hour. He further indicated that he had his headlights on and was wearing his glasses at the time of the accident. As he approached the scene of the accident he was momentarily blinded by the lights of an automobile approaching from the op-

posite direction; and he did not observe the girls until he was 15 to 20 feet from them. He applied his brakes immediately, but his attempt to stop was to no avail.

Plaintiff concedes that the deceased was negligent in walking on the right side of the road with her back to the approaching traffic and was in violation of MCLA 257.655; MSA 9.2355; however, plaintiff argues that such negligence cannot be said, as a matter of law, to be proximately related to the resulting accident. The sole question is thus whether the trial court properly determined as a matter of law that deceased's negligence was a proximate cause of the accident.

This Court, when confronted with an analogous situation in *Kubasinski v Johnson,* 46 Mich App 287, 289, 290; 208 NW2d 74, 76 (1973), succinctly stated the relevant considerations as follows:

"Violation of a statute is negligence per se. *Morton v Wibright,* 31 Mich App 8 [187 NW2d 254] (1971); *McKinney v Anderson,* 373 Mich 414 [129 NW2d 851] (1960); *Selmo v Baratono,* 28 Mich App 217 [184 NW2d 367] (1970). Even so ordinarily the proximate causality of that negligence is an issue of fact. *Comstock,* supra; *Johnson v Hughes,* 362 Mich 74 [106 NW2d 223] (1960). It can, however, become a question of law for the court. *Coles v Galloway,* 7 Mich App 93 [151 NW2d 229] (1967); *Meier v Holt,* 347 Mich 430 [80 NW2d 207] (1956); *Otto v Hansen Wholesale Lumber Corp,* 331 Mich 37 [49 NW2d 49] (1951). The general rule is that where the injured person's negligence is incontrovertibly proximately connected with the occurrence causing his injury, the issue is for the court. *Modzel v Norwalk Truck Lines,* 325 Mich 693 [39 NW2d 226] (1949); *Dulemba v Tribble,* 325 Mich 143 [37 NW2d 894] (1949); 65 CJS, Negligence, § 265, p 938. We hold it was properly for the court in this case."

We too are compelled to hold that the trial court

properly concluded that there was no jury question. We do not perceive that any reasonable man would not conclude under these circumstances that deceased's negligence was at least *a* proximate cause of the accident. This case is therefore distinguishable from that found in *Richardson v Grezeszak,* 358 Mich 206; 99 NW2d 648 (1959), and *Lapachin v Standard Oil Co,* 268 Mich 477; 256 NW 490 (1934), wherein there was evidence that the automobile driver was traveling at an excessive rate of speed for the prevailing conditions.

Affirmed. Costs to the defendant.

All concurred.