O'DELL *v.* DECKER.

AUTOMOBILES—MINOR PEDESTRIANS—NEGLIGENCE—QUESTION FOR JURY.

> Evidence presented in actions for injuries sustained by 2–1/2 year old girl when she came into contact with the left side of defendant's southbound car after coming from behind a parked car on east side of street *held,* to present a question for jury as to whether defendant was negligent in failing to see the child in time to stop and avoid the accident, hence, directed verdict for defendant was error.

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 October 6, 1965, at Grand Rapids. (Docket Nos. 134, 135.) Decided December 20, 1965. Leave to appeal denied by Supreme Court February 22, 1966. See 377 Mich 702.

Complaint by Marvin O'Dell, guardian of the estate of Cynthia O'Dell, a minor, against John Richard Decker for personal injuries sustained in automobile-pedestrian accident. Derivative suit for medical expense. Cases consolidated for trial and on appeal. Directed verdicts and judgments for defendant. Plaintiffs appeal. Reversed and remanded for new trial.

*John P. Murphy, Jr.* (*Henry G. Kubyn,* of counsel), for plaintiffs.

*Stanton, Taylor, McGraw & Collison* (*John W. McGraw,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic §§ 447–450.

BURNS, P. J.  The plaintiffs appeal from directed verdicts of no cause of action and the trial court's denial of motions for a new trial.

Marvin O'Dell, guardian of the estate of Cynthia O'Dell, instituted suit against the defendant for injuries sustained by Cynthia O'Dell when she ran into the side of an automobile driven by the defendant.  A derivative suit was instituted by her father Marvin O'Dell for medical expenses incurred.

Cynthia O'Dell was 2-1/2 years of age when she ran into the side of an automobile driven by the defendant.  The facts indicate that the defendant approached the scene of the accident going south on a through street.  Three school children were standing at or near the west curb.  No other pedestrian traffic was nearby or in sight.  The defendant slowed down, honked his horn, and pulled over toward the middle of the road to safely pass the children along the west curb, continuing south at a slow speed.  He saw a northbound car approaching south of the intersection.  There were several cars parked along the east curb, but none along the west curb.  The testimony would indicate that the minor child, Cynthia O'Dell, toddled from a driveway on the east side of the road, which may have been obscured from defendant's vision by a parked car, into the side of the defendant's car, and struck somewhere between the rear of the left front wheel and the left front door of the car and bounced back onto the pavement.

There was a conflict of testimony in that an eyewitness estimated the distance between the rear of the parked car and the driveway to be 2 feet, but pictures introduced in evidence and taken by a police officer showed that there was sufficient room from the rear of the parked car to the driveway to accommodate a police motorcycle, with room to spare.  The

testimony also indicated that the defendant's car was a distance of 8 feet from the parked car as he passed it.

*Johnson* v. *Hughes* (1960), 362 Mich 74, 78, states:

"Plaintiff walked 8 feet across the street in front of defendant, where he could have been seen by defendant, after emerging from the rear of the Stoddard car. * * * This gave rise to a jury question of fact as to whether defendant had maintained a reasonable and proper lookout and, if not, whether such negligence was a proximate cause of plaintiff's injuries."

There is no doubt that Cynthia was in the street to be seen. Whether the defendant should have seen the child in time to stop and avoid the accident was a question of fact for the jury to decide.

Reversed and remanded to the circuit court for a new trial. Costs to appellants.

HOLBROOK and T. G. KAVANAGH, JJ., concurred.