BENSON *v.* WATSON

1. AUTOMOBILES — CHILDREN — PEDESTRIANS — NEGLIGENCE — QUESTION OF FACT.

Evidence that a six-year-old boy was visible for 250 feet and for three seconds prior to the accident and that the normal driver's reaction time is less than one-half second creates a jury question whether defendant's driver, travelling 81 feet per second (55 m.p.h.), should have seen the boy in time to stop or slow down so as to avoid the accident.

2. TRIAL—INSTRUCTIONS TO JURY.

Jury instructions are not misleading if, as a whole, they were fair and proper.

3. TRIAL — ARGUMENT TO JURY — CURATIVE INSTRUCTIONS — NEW TRIAL.

Denial by the trial court of a motion for a new trial was not error where plaintiff's counsel replied, in rebuttal, to facts not in evidence argued by defense counsel and defense counsel did not ask for any curative instructions.

4. APPEAL AND ERROR — QUESTIONS REVIEWABLE — DEATH — WRONGFUL DEATH — DAMAGES — COMPANIONSHIP — FAILURE TO OBJECT.

Defendants' counsel cannot be faulted for failure to object in

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 344 *et seq.*
[2] 53 Am Jur, Trial § 540.
[3] 53 Am Jur, Trial § 506.
[4–7] 22 Am Jur 2d, Death § 121 *et seq.*

the trial court to the issue of damages for loss of companionship where the profession and trial courts had interpreted the statute as authorizing such damages (MCLA § 600.2922).

5. DEATH — WRONGFUL DEATH — PECUNIARY INJURY — COMPANIONSHIP.

Loss of companionship is not an element of damages under the death act (MCLA § 600.2922).

6. DEATH—WRONGFUL DEATH—DAMAGES—NEW TRIAL.

A new trial should be ordered as to the question of damages in a wrongful death action where defendants' counsel failed to object to the issue of damages for loss of companionship and plaintiff's counsel failed to prove pecuniary loss when both counsel relied on the profession's and trial courts' interpretation that loss of companionship was recoverable in a wrongful death action (MCLA § 600.2922).

OPINION CONCURRING IN PART

CHURCHILL, J.

7. DEATH—NEW TRIAL—WRONGFUL DEATH—DAMAGES.

*A new trial should not be ordered on the issue of damages in a wrongful death action where counsel failed to object to jury instructions authorizing damages for loss of companionship because damages for loss of companionship have never been recoverable in wrongful death actions (MCLA § 600.2922).*

Appeal from Wayne, James Montante, J. Submitted Division 1 May 13, 1970, at Detroit. (Docket No. 7,202.) Decided August 25, 1970. Reversed by Supreme Court February 9, 1971. 384 Mich 804.

Complaint by Leo Benson, administrator of the estate of Gene Arthur Benson, deceased, against Cecil Henry Watson and Bill Brown, Inc., for damages for wrongful death. Defendants appeal. Remanded on issue of damages.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock (John D. Hayes,* of counsel), for defendants.

Before: R. B. Burns, P. J., and Levin and
Churchill,* JJ.

R. B. Burns, P. J. This is a wrongful death action
arising from the accidental death of a six-year-old
boy, Gene Arthur Benson.

In the middle of the afternoon Gene was playing
in a gully beside a two-lane blacktop county road.
In the gully were high weeds which grew to the edge
of the road. Gene darted out of the gully and ran
across the road. Before he reached the center line
of the road, he was struck and killed by defend-
ant's truck. The jury returned a verdict for plain-
tiff and defendants appeal the trial court's denial of
the motion for judgment notwithstanding the ver-
dict.

Defendants claim the trial court erred in submit-
ting for jury determination the question of whether
defendants' driver could have slowed down suffi-
ciently before the impact to permit the child to run
across the road in front of the truck without being
struck. The deputy sheriff who investigated the ac-
cident shortly after it happened testified for plain-
tiff. He stated that in his opinion the truck was
traveling at a speed of about 55 m.p.h., that the
accident occurred on the down side of a slight rise,
and that a boy of decedent's height, standing at the
edge of the road, could be seen at a distance of 250
feet. In addition he testified that the boy was struck
by the left front of the truck on his way from the
driver's right to the driver's left. At that point
Gene would have run a distance of about 15 feet.
The skid marks from the accident did not begin until
after the point of impact.

Plaintiff attempted to prove that the driver did
not have his eyes on the road and that if he had had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

his eyes on the road he would have seen Gene and would have been able to slow down and avoid hitting the youngster. Gene's mother testified that he ran at a normal speed for a boy his age—five or six feet per second. Thus, it would have taken approximately three seconds to traverse the 15 feet from the edge of the road to the point of impact. At 55 m.p.h. the truck would have traveled 243 feet (81 feet per second).

Defendant's driver testified as follows:

"*Q.* [*By plaintiff's counsel*]: Let's say you were 50 feet away now, Mr. Watson; you could see the boy for 50 feet. If you hit your brakes at 50 feet, do you think you could have brought the pickup and trailer to a stop before the point at which you hit the boy?

"*A.* Yes.

"*Q.* You think you could have brought it to a stop?

"*A.* Enough to miss the boy, yes.

"*Q.* What about at 100 feet?

"*A.* Yes.

"*Q.* Even more so, I suppose?

"*A.* Yes.

"*Q.* And from 150 feet even more so, I suppose; is that right?

"*A.* Yes.

"*Q.* At least slowed it down, if not stopped it, sufficiently so that the boy could have run beyond the truck and crossed the road?

"*A.* Yes."

Gene was in the road to be seen. Whether the driver should have seen him in time to stop or slow down to avoid the accident was a question of fact for the jury. *Johnson* v. *Hughes* (1960), 362 Mich 74; *Odell* v. *Decker* (1965), 2 Mich App 14.

Defendants' claim that the court's charge to the jury was misleading is unwarranted. A complete reading of the instructions show that as a whole they were fair and proper.

Defendants claim that plaintiff's counsel made improper remarks during his rebuttal argument to the jury and the court should have granted his motion for a new trial. It should be noted that the remarks objected to by defense counsel were a direct result of his final argument when he said, " 'Could not avoid hitting him' that is the conclusion that the police officer made. That is what he typed on his report."

Defense counsel argued facts not in evidence and plaintiff's counsel replied during his rebuttal. Defense counsel objected to the remarks and the court sustained the objection. Counsel did not ask for any curative instructions. The court did not err by refusing to grant a new trial.

Defendants claim the court erred in its instructions on the *voir dire* examination. Under the circumstances of this case the issue does not merit consideration.

An issue not raised in the trial court or in the defendants' original brief was raised in a supplemental brief filed by the defendants approximately one month before oral argument. The plaintiff did not submit any evidence concerning expenses for the child's birth, clothing, instruction, education or upbringing, but relied on loss of companionship for damages.

Since the trial in the present case the Supreme Court released *Breckon* v. *Franklin Fuel Company* (1970), 383 Mich 251, decided March 12, 1970, and released in the advance sheets April 16, 1970, in which the Court said loud and clear that loss of companionship is not an element of damages under the death act. On p 275 the Court stated:

"We hold that *Wycko* [*Wycko* v. *Gnodtke* (1960), 361 Mich 331] never did authorize recovery of death act damages over and above compensation for 'pecuniary injury' or 'pecuniary loss,' aside of course

from the statutorily provided recovery for conscious pain and suffering, if any, and 'damages for the reasonable medical, hospital, funeral and burial expenses for which the estate is liable.'"

And, on p 278:

"Having ruled that *Wycko* made no precedent for recovery and distribution—under the acts of 1939 —of damages for loss of companionship   *   *   *   ."

Although the Supreme Court said *Wycko* never authorized damages for loss of companionship, the profession and the trial courts have interpreted the case as authorizing such damages. Neither plaintiff's counsel nor defendants' counsel can be faulted for not raising the issue in the trial court. Therefore, the case is remanded to the trial court for a new trial limited to the question of damages only. Costs to abide final results.

LEVIN, J., concurred.

CHURCHILL, J. (*concurring in part and dissenting in part*). I do not agree that *Breckon* v. *Franklin Fuel Co.* (1970), 383 Mich 251 requires this Court to remand this action for a new trial on the damage issue. The profession generally may believe that the Supreme Court was overruling *Wycko* v. *Gnodtke* (1960), 361 Mich 331, but that is not the Supreme Court's view of its own action.

I agree with Judge BURNS' opinion on the liability issue and vote to affirm.