HAUPT *v.* YALE RUBBER COMPANY

OPINION OF THE COURT

1. DAMAGES—WRONGFUL DEATH—PECUNIARY INJURY—LOSS OF COMPANIONSHIP.

Recovery under the wrongful death act is limited to pecuniary injury or pecuniary loss, conscious pain and suffering, if any, and reasonable medical, hospital, funeral and burial expenses for which the estate is liable; however, neither loss of companionship nor grief endured by the surviving dependents is a proper basis for a damage award (MCLA § 600.2922).

REFERENCE FOR POINTS IN HEADNOTES

[1-4] 22 Am Jur 2d, Death § 119 *et seq.*

2. DAMAGES—WRONGFUL DEATH—PECUNIARY INJURY.

Damage award of $40,000 in a wrongful death action reversed and remanded where the record showed specific proofs of pecuniary loss were introduced only as to funeral expenses and that the trial judge commented on the effect of the deceased child's death on his siblings because these facts in the record show that part of the award was based on other than pecuniary loss (MCLA § 600.2922).

3. DAMAGES—WRONGFUL DEATH ACT—PECUNIARY LOSS.

Pecuniary loss recoverable in a wrongful death action includes, but is not limited to, expenses of birth, of food, of clothing, of medicine, of instruction, of nurture, of care and shelter, and loss of services (MCLA § 600.2922).

DISSENT BY CHURCHILL, J.

4. DAMAGES—WRONGFUL DEATH ACT—PECUNIARY LOSS—REDETERMINATION OF DAMAGES—EXISTING RECORD.

*A redetermination of damages in a wrongful death action should be made, but only on the existing trial court record where the award was based on factors other than pecuniary loss and pain and suffering, the plaintiff had the opportunity to present proofs on pecuniary loss, but presented specific proofs as to only funeral expenses and the defendant objected to the measure of damages used (MCLA § 600.2922).*

Appeal from Sanilac, Arthur M. Bach, J. Submitted Division 2 November 5, 1970, at Lansing. (Docket No. 8377.) Decided December 10, 1970. Leave to appeal granted March 5, 1971. 384 Mich 813.

Complaint by Barbara Haupt against Yale Rubber Company and Harold Frederick Bartels for damages for the wrongful death of Brent Lee Haupt. Judgment for plaintiff. Defendant appeals. Reversed and remanded with instructions.

*Atkins, Drillock & Keyes,* for plaintiffs.

*Bush, Luce, Henderson & Black,* for defendant.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

BRONSON, P. J. On May 25, 1967, seven-year-old Brent Lee Haupt was struck and instantly killed by an automobile driven by Harold Bartels and owned by Yale Rubber Company. Suit was commenced on April 2, 1968, under the Michigan wrongful death act. MCLA § 600.2922 (Stat Ann 1970 Cum Supp § 27A.2922). On September 29, 1969, defendants filed an amended answer admitting negligence and asking the court to determine the proper amount of damages.

Trial was held without a jury on October 1, 1969, for the purpose of determining the amount of damages. The trial judge, after hearing testimony on the issue of damages, awarded plaintiff a judgment in the amount of $40,000 for the following reasons:

"Now the plaintiff in this case so far as the damages are concerned must prove her damages by a preponderance of the evidence. The testimony in this case is virtually undisputed. The evidence indicates that one of the heirs of Brent Lee Haupt, deceased, is the mother, and also three surviving brothers. The evidence also indicates that the mother in this case has no particular earning power or great skill and the testimony indicates she would have expected some help from Brent Lee Haupt. Now there is also some evidence of the effect on Brian Haupt and the other children as the result of this unfortunate death. As in all cases of this kind it is difficult for the court or for a jury to evaluate the damages suffered by the plaintiffs and the other heirs in this particular type of case.

"Obviously, no death can be determined in an exact amount of money nor can a child's life be brought back or can there be satisfaction as to any amount of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

money, but the law does impose a duty upon the court to use its own best judgment in this particular case as to the amount of pecuniary loss that the heirs have suffered.

"In this case taking into consideration all of the elements of damages announced in the *Wycko* v. *Gnodtke* case in 361 Mich page 331 and affirmed in *Currie* v. *Fiting*, 375 Mich 440, the court in this case will render a verdict in favor of the plaintiff estate in the amount of forty thousand dollars, which includes the interests to date, the funeral bill and costs, also the future damages formula. Also in this case the plaintiff is awarded costs in this matter. So the judgment will be $40,000 for the plaintiff, plus costs".

On appeal, defendants argue that the factors considered by the trial judge in awarding the plaintiff a $40,000 judgment are inconsistent with the principles set forth in *Breckon* v. *Franklin Fuel Company* (1970), 383 Mich 251.

The *Breckon* decision clearly holds that, aside from the statutorily provided recovery for conscious pain and suffering, if any, as well as damages for reasonable medical, hospital, funeral, and burial expenses for which the estate is liable, recovery under the wrongful death act is limited to damages for "pecuniary injury" or "pecuniary loss". Under the *Breckon* decision, pecuniary loss does *not* include loss of companionship nor can damages be awarded on the basis of the grief endured by the surviving dependents.

In the instant case, with the exception of funeral expenses, the record is devoid of specific proofs as to the pecuniary loss suffered as the result of the decedent's death. See *Staal* v. *Grand Rapids & I. R. Co.* (1885), 57 Mich 239, 245. This factor, coupled with the trial court's reference to the effect which the decedent's death had on the surviving children, leaves little doubt that a portion of the $40,000 judg-

ment was awarded for reasons other than pecuniary loss, as defined in *Breckon.*

While this panel is in agreement with the dissenting view in *Breckon,* we are nevertheless bound to adhere to the controlling rule enunciated by that Court's majority and to apply it.  Under the authority of *Breckon,* the judgment is reversed and the cause remanded for the purpose of determining, with the assistance of additional proofs, the pecuniary loss incurred.

Upon remand, some of the relevant factors to be considered in determining pecuniary loss include, but are not limited to, the following:  expenses of birth, of food, of clothing, of medicine, of instruction, of nurture, of care and shelter, and loss of services.  *Currie* v. *Fiting* (1965), 375 Mich 440; *Wycko* v. *Gnodtke* (1960), 361 Mich 331; *Baker* v. *Slack* (1948), 319 Mich 703.

Reversed and remanded.

FITZGERALD, J., concurred.

CHURCHILL, J. (*dissenting*).  I dissent for the same reasons as the dissent in *Benson* v. *Watson* (1970), 26 Mich App 142.  According to the view expressed by the majority of the Supreme Court, *Breckon* did not change the law.  In *Benson* counsel for the defendant could have made a timely objection to the liberal jury instruction, under existing law, and defendant would have been entitled to a new trial, but he did not do so.  In this case counsel for plaintiff could have offered the kind of proofs now suggested by the majority opinion.  Defendant, unlike the defendant in *Benson,* did not agree to the measure of damages used by the trier of facts and should be entitled to object to the error without being

subjected to another defense on the damage issue. I vote to remand for a redetermination of damages by the trial court on the existing record.