JOSLIN v. GRAND TRUNK WESTERN RAILROAD COMPANY

Opinion of the Court

1. Damages—Wrongful Death—Loss of Companionship.

The wrongful death act has never authorized recovery for loss of companionship (MCLA § 600.2922).

2. Damages—Wrongful Death—Loss of Companionship—Instruction to Jury—Appeal and Error—Preserving Question.

Instruction to jury that they could award damages to plaintiff, in a wrongful death action, for loss of his wife's companionship constituted error even though the jury's verdict in favor of plaintiff was rendered before a decision of the Michigan Supreme Court holding that the wrongful death act has never authorized recovery for loss of companionship where defendant timely objected to the instruction at trial (MCLA § 600.2922).

References for Points in Headnotes

[1] 22 Am Jur 2d, Death § 135.
[2] 22 Am Jur 2d, Death §§ 135, 267.
[3] 22 Am Jur 2d, Death §§ 135, 178, 267.
[4] 57 Am Jur, Negligence § 295.
[5] 29 Am Jur 2d, Evidence §§ 305, 307.
[6] 22 Am Jur 2d, Death §§ 176, 178.
[7] 57 Am Jur, Negligence § 297.
[8] 22 Am Jur 2d, Death § 31.
   57 Am Jur, Negligence § 378 et seq.

3. DAMAGES—WRONGFUL DEATH—LOSS OF COMPANIONSHIP—REMITTITUR—GENERAL VERDICT.

Requiring plaintiff to remit 10% of a $48,000 general verdict, in a wrongful death action or face a new trial as to damages only was error where the trial judge had erroneously instructed that loss of companionship was recoverable, because no method existed which would permit the trial court to determine what portion of the general verdict had been based upon loss of companionship.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.

Question of plaintiff's contributory negligence in failing to stop within the statutorily-required distance when approaching a railroad grade was a question of fact where there was conflicting testimony as to the visibility of defendant railroad company's electrical warning device, the audibility of defendant's warning signal, and the visibility of defendant's train (MCLA § 257.667).

5. NEGLIGENCE—EVIDENCE—PRIOR ACCIDENTS—ADMISSIBILITY.

Evidence of prior accidents at the railroad crossing where plaintiff's decedent was killed in a collision with defendant railroad company's train was admissible to show defendant's notice or knowledge of the dangerous conditions alleged to have caused the accident and defendant's negligence in not correcting the conditions.

CONCURRENCE IN PART AND DISSENT IN PART BY O'HARA, J.

6. DAMAGES—WRONGFUL DEATH—LOSS OF COMPANIONSHIP—REMITTITUR.

*Remittitur requiring plaintiff to remit 10% of a wrongful death verdict was erroneously ordered where the evidence of defendant railroad company's negligence was more than sufficient upon which to sustain a recovery and the jury award was, if anything, surprisingly modest in view of the proof of damages.*

7. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—RAILROAD CROSSINGS—EVIDENCE.

*Contributory negligence of plaintiff's decedent in driving onto railroad crossing was established as a matter of law where the evidence showed that the defendant's train had sounded its whistle audibly within the statutorily-required distance (MCLA § 257.667).*

8. NEGLIGENCE—CONTRIBUTORY  NEGLIGENCE—PROXIMATE  CAUSE—
LIMITED NEW TRIAL.

*Judgment against defendant railroad in a wrongful death action
should be reversed and remanded for a new trial limited to
the issue whether decedent's statutory negligence in failing
to stop at the railroad crossing was a proximate cause of
death where the evidence established that the defendant was
negligent and decedent was contributorily negligent as a
matter of law; if the jury finds that decedent's statutory
negligence was the proximate cause of death, the verdict against
the defendant should be set aside; if the decedent's negligence
was not the proximate cause of death, the verdict against
defendant should be reinstated in its entirety.*

Appeal from Genesee, Philip C. Elliott, J.  Submitted Division 2 May 4, 1971, at Lansing.  (Docket No. 10627.)  Decided July 27, 1971.  Leave to appeal applied for.

Complaint by Robert L. Joslin, administrator of the estate of Thelma Lee Joslin, against the Grand Trunk Western Railroad Company for damages for wrongful death.  Judgment for plaintiff.  Defendant appeals.  Remanded for new trial limited to damages only.

*Thomas L. Gadola,* for plaintiff.

*Earl C. Opperthauser,* for defendant.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J.  This is a negligence action brought under the wrongful death act by the plaintiff administrator for the death of his wife, the driver of a motor vehicle who was killed when the motor vehicle she was driving was struck by defendant's train at

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

a railroad crossing on June 9, 1967, in the City of Fenton. The jury awarded plaintiff damages in the amount of $48,000. Defendant appeals from the trial court's denial of its motion for a judgment notwithstanding the verdict and the denial of defendant's motion for a new trial.

The instant case was tried and the jury verdict rendered prior to the Michigan Supreme Court's decision in *Breckon* v. *Franklin Fuel Co.* (1970), 383 Mich 251. The trial court's instruction to the jury, based upon *Wycko* v. *Gnodtke* (1960), 361 Mich 331, and *Currie* v. *Fiting* (1965), 375 Mich 440, made reference to recovery for loss of companionship. Defendant, in its motion for a new trial, informed the court that its instruction regarding pecuniary loss was inconsistent with *Breckon* insofar as it would permit damages to be awarded for loss of companionship. The trial court denied defendant's motions, but ruled that if its instruction on damages constituted error in view of *Breckon,* defendant could be granted a new trial as to damages only, unless plaintiff accepted a remittitur of 10% of the verdict. Plaintiff accepted the remittitur.

On appeal defendant contends that: (a) The trial court erred by ordering a remittitur; (b) the case must be reversed in view of *Breckon;* (c) the trial court erred by not finding plaintiff guilty of contributory negligence as a matter of law; and (d) the trial court erred by permitting plaintiff's witness to testify as to prior accidents at the subject crossing. With defendant's allegations (a) and (b) we agree; with defendant's allegations (c) and (d) we disagree.

The trial judge instructed the jury that they could award damages for loss of companionship. This instruction was erroneous. *Breckon* v. *Franklin Fuel Co., supra; Benson* v. *Watson* (1970), 26 Mich

App 142, *reversed on other grounds* (1971), 384
Mich 804; *Haupt* v. *Yale Rubber Co.* (1970), 29 Mich
App 225. Although the *Breckon* decision was ren-
dered subsequent to the verdict in the instant case,
the Court in *Breckon* held that recovery for loss of
companionship had never been authorized under the
wrongful death act. Defendant has preserved the
issue on appeal by timely objection at trial. See
*Benson* v. *Watson* (1971), 384 Mich 804. Therefore,
the holding in *Breckon* is applicable and controlling
in the instant case.

We are unaware of any method which would per-
mit the trial court to determine what portion of this
general verdict was based upon loss of companion-
ship. We must hold that the trial court erred by
requiring the 10% remittitur.

Defendant's next allegation of error is that plain-
tiff violated MCLA § 257.667 (Stat Ann 1968 Rev
§ 9.2367) and therefore was contributorily negligent
as a matter of law. The statute provides, in part:

"Sec. 667. (a) Whenever any person driving a
vehicle approaches a railroad grade crossing under
any of the following circumstances the driver shall
stop within 50 feet but not less than 15 feet from the
nearest rail of the railroad, and shall not proceed
until he can do so safely:

"(1) A clearly visible electric or mechanical sig-
nal device gives warning of the immediate approach
of a railroad train.

"(2) A crossing gate is lowered or a human flag-
man gives or continues to give a signal of the ap-
proach or passage of a railroad train.

"(3) A railroad train approaching within ap-
proximately 1,500 feet of the highway crossing gives
a signal audible from such distance and the train, by
reason of its speed or nearness to such crossing, is
an immediate hazard.

"(4) An approaching railroad train is plainly visible and is in hazardous proximity to the crossing."

Plaintiff contends that there was no statutory negligence as a matter of law because the evidence created a factual question as to whether the signal was audible under subsection (3); the electrical device clearly visible under subsection (1); and the train plainly visible under subsection (4).

We do not believe it is necessary to set forth the testimony to illustrate the factual questions presented. Basically, defendant called witnesses who had been in near proximity to the accident. Although none of the witnesses approached the crossing in the same direction as the decedent, their collective testimony revealed that the electrical device was seen, the whistle heard, and the approaching train observed.

Plaintiff relied primarily on two expert witnesses and photographic exhibits of the area. One expert testified to the effect on audibility of competing sounds, the presence of buildings, and the distance from the source of the sound. Another expert, an employee of the Michigan Public Service Commission, testified as to the inadequacy of a whistle as a warning to the motoring public at this crossing because of the downtown location and the amount of noise produced by vehicular traffic. Evidence concerning the visibility of the signal device and the train itself were brought forth by the expert testimony and the photographic exhibits of the crossing. The expert testified concerning such matters as how the candlepower distribution curve affects the visibility of a light at any given point and the visibility of light based upon wattage of the bulb. The expert witness had examined the subject crossing following the accident. He observed the location of the signal

device as well as the background scenery and the dimensions of the street. It was this witness's opinion that the signal device would have provided minimal visibility. The photographic exhibits illustrated that vision of the train could have been impaired by billboards and surrounding buildings.

We are satisfied, after reviewing the transcript, that sufficient conflicting testimony was presented to create a factual question which was properly submitted to the jury.

Defendant's final allegation of error relates to the trial court's ruling which permitted testimony regarding prior accidents at the subject crossing. The evidence was admissible under the principle announced in *Freed* v. *Simon* (1963), 370 Mich 473. See, also, *Emery* v. *Chesapeake & O.R. Co.* (1964), 372 Mich 663.

For the reasons stated, the case is remanded to the trial court for a new trial, limited to the question of damages only.

McGregor, P. J., concurred.

O'Hara, J. (*for reversal and a limited new trial*). This tragic death moves the judicial instinct to find some basis upon which to affirm the awarded damages.

I can find evidence of negligence upon the part of the rail carrier more than sufficient upon which to sustain recovery.

I find no basis for an order of remittitur in any amount. If the railroad is liable, it is liable for the whole jury award. Indeed, if anything, the amount of the verdict was surprisingly modest in view of the proof of damages.

However, I have searched the record diligently and I find no basis for allowing the issue of defend-

ant's pleaded defense of contributory negligence to go to the jury. If this defense is still viable in this state, it was established in this case as a matter of law.

As trenchantly asked upon oral argument by counsel for the defendant, "Upon what testimony does plaintiff rely to create a question of fact as to the *audibility* of the whistle within the mandated statutory distance of 1,500 feet?"[1]   Assuming its audibility however, this does not establish the proximate causality of that contributory negligence.

I would reverse and remand for a new trial with instructions to charge the jury that plaintiff's decedent was guilty of negligence as a matter of law in failing to stop, as statutorily required, upon the railroad having given an audible signal at least 1,500 feet from the highway crossing.

So far as I can learn by diligent research, and research assistance, what I now propose has not yet been done in our state. But I know of no reason why it can't be done.

Upon retrial, I would limit the issue before a new jury to the question of whether or not decedent's negligence in violating the statute was a proximate cause of death. If the jury finds it was, the verdict awarding damages must be set aside. If the jury finds the negligence was not proximately causal, I

---

[1] MCLA § 257.667 (Stat Ann 1968 Rev § 9.2367). Railroad grade crossings.

"Sec. 667. (a) Whenever any person driving a vehicle approaches a railroad grade crossing under any of the following circumstances the driver shall stop within 50 feet but not less than 15 feet from the nearest rail of the railroad, and shall not proceed until he can do so safely:

\* \* \*

"(3) A railroad train approaching within approximately 1,500 feet of the highway crossing gives a signal audible from such a distance and the train, by reason of its speed or nearness to such crossing, is an immediate hazard."

would reinstate the verdict and the damages in their entirety, and authorize plaintiff to tax costs of all courts.