ROHM v. STROUD

Opinion of the Court

1. Damages—Wrongful Death—Pecuniary Loss—Investment in Child's Life.

> Pecuniary loss recoverable in a wrongful death action includes the parents' investment in the life of the child whose death is the basis of the action (MCLA § 600.2922).

2. Damages—Wrongful Death—Pecuniary Loss—Investment in Child's Life.

> Pecuniary loss recoverable under the wrongful death act for the death of a child includes the cost of birth, food, clothes, medicine, education, and shelter; an award for "investment in the child's life" is proper where the "investment" represents the cost of birth, food, clothes, medicine, education, and shelter (MCLA § 600.2922).

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 June 9, 1971, at Lansing. (Docket

---

Reference for Points in Headnotes

[1, 2] 22 Am Jur 2d, Death § 123.

No. 9980.)   Decided July 27, 1971.   Affirmed by Supreme Court, 386 Mich 693.

Complaint by James H. Rohm, administrator of the estate of Cheryl R. Rohm, against Merrill Stroud and Thomas J. Macko for damages under the wrongful death act.   Judgment for plaintiff. Defendants appeal.   Affirmed.

*Sauer & Girard,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendants.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J.   Defendants appeal from a judgment entered by the trial court sitting without a jury in which plaintiff was awarded a verdict of $23,869, including $8,400 for the parents' investment in the life of Cheryl D. Rohm, deceased.   Suit was commenced under the Michigan wrongful death statute. MCLA § 600.2922 (Stat Ann 1971 Cum Supp § 27A-.2922).

On appeal, the sole question raised is whether the trial court properly included the $8,400 for "the investment in the child's life".   This amount represented the estimated cost of raising the child from birth until the time of death.   Defendants agree that the figure is fair and reasonable, if such amounts are properly payable under the death act

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and consistent with *Breckon* v. *Franklin Fuel Company* (1970), 383 Mich 251.

*Breckon* limited *Wycko* v. *Gnodtke* (1960), 361 Mich 331, *only* to the extent that *Wycko* appeared to authorize recovery for loss of companionship or grief endured by the surviving dependents.[1] Since the cost of birth, food, clothes, medicine, education, and shelter are all factors to be considered in determining pecuniary loss, and since the $8,400 "investment in the child's life" represented the estimated cost of these factors, the trial court properly included the $8,400 "investment in the child's life" in the judgment award. See *Benson* v. *Watson* (1970), 26 Mich App 142, 146;[2] *Haupt* v. *Yale Rubber Company* (1970), 29 Mich App 225, 229.[3]

Affirmed.

O'HARA, J. (*concurring in result*). I concur in the result reached by Judge BRONSON.

• I am unable to endorse the opinion because of the statements therein concerning the effect of *Breckon*[1] on *Gnodtke*.[2] Frankly, I am not sure what *Breckon* did to *Gnodtke,* if anything.

---

[1] The following quotation from *Wycko* was unaffected by the *Breckon* decision:

"The pecuniary value of a human life is a compound of many elements. The use of material analogies may be helpful and inoffensive. Just as with respect to a manufacturing plant, or industrial machine, value involves the costs of acquisition emplacement, upkeep, maintenance service, repair, and renovation, so, in our context, we must consider the expenses of birth, of food, of clothing, of medicines, of instruction, of nurture and shelter." 361 Mich at 339.

[2] Our decision was reversed and remanded for the reason that defendant failed to raise the issue in the trial court and thereby preserve the question for appellate review. See *Benson* v. *Watson* (1971), 384 Mich 804. The reversal would not appear to go to our construction of *Breckon, supra,* but rather its application absent an objection.

[3] *Leave to appeal granted* (1971), 384 Mich 813.

[1] *Breckon* v. *Franklin Fuel Company* (1970), 383 Mich 251.

[2] *Wycko* v. *Gnodtke* (1960), 361 Mich 331.

The $8,400 allowance for a pecuniary investment in a child's life is, of course, a legal fiction.

I concur in affirmance only because I think the trial judge did the best he could within the strictures of somewhat conflicting precedent in this troubled area.